DRAINAGE DISTRICT No. 11 *v.* STACEY.

Opinion delivered February 26, 1917.

DAMAGES—TAKING OF LAND BY DRAINAGE DISTRICT.—Where land is taken by a drainage district in the construction of its ditch, the measure of the land owner's damage is the true market value of the land taken.

Appeal from Crittenden Circuit Court; *W. J. Driver*, Judge; affirmed.

*J. T. Coston*, for appellant.

1. Instruction No. 4 given on the court's own motion was error. If it had stopped at the word "taking" it might have been free from error, but it did not. It went further and told the jury that their verdict would be for the market value of the land considered with reference to the use to which it was made at the time, *or* the most *valuable use* to which it was adapted. This is not the law. 110 Ill. 414; 49 Ark. 390-394; 133 S. W. 1023; 2 Lewis on Em. Domain, 1233-4; 101 Fed. 665; 13 S. W. 124; 52 S. W. 781. The market value of the land for *all* uses and not the *most valuable*

uses, is the correct rule. The jury disregarded all benefits to plaintiff's land.

*Jasper N. Thomason*, for appellee.

1. The instruction complained of, No. 4, states the law. It states the proper criterion of damages. 103 Ark. 412; 49 *Id.* 390; 101 *Id.* 50; 90 U. S. 403; 103 *Id.* 412; 144 *Id.* 334.

There is no error. The twenty acres of land taken was worth $1,000.00. The instruction clearly presented to the jury that the proper test was the *true market value* of the land. There is no affirmative showing that the jury disregarded the benefits to the land by reason of the construction of the ditch.

HUMPHREYS, J. Appellee instituted this suit in the Crittenden Circuit Court against the appellant to recover damages in the sum of $1,777.50 for constructing a drainage ditch or canal across his lands in Crittenden county, towit: Northeast quarter and the southeast quarter and the southwest quarter of section 15, Tp. 9 N., R. 8 E. He alleged that appellant appropriated 23 7-10 acres of land for said purpose of the value of $75.00 per acre. The appellant denied that said real estate so appropriated was of the value of $75.00 per acre or any other sum; and charged that the benefits accruing to said lands by reason of the construction of the drainage canal were greater in value than the value of the land appropriated or the damages resulting to said lands by reason of the construction of the drainage ditch.

The jury returned a verdict for $1,000 in favor of appellee, for which amount judgment was rendered. Proper steps were taken and the case is here on appeal.

Appellant contends that the jury disregarded the benefits derived by appellee from the construction of the drainage ditch, in arriving at the verdict. There is evidence in the record tending to show the land appropriated to be of greater value than the amount of the verdict. A plat was introduced showing the course of the ditch through the lands. Much evidence is intro-

duced pro and con as to whether there were openings in the ditch for the purpose of draining the land. The situation was described to the jury in detail by the several witnesses. We cannot say the jury ignored the question of benefits. Nor can we say the evidence is insufficient to support the verdict.

The assignment of error most earnestly insisted upon for reversal is the giving of instruction No. 4 on the court's own motion over the specific objection of appellant. The instruction pertains to the measure of damages and is as follows:

"You will take into consideration the fair and reasonable market value of the lands actually appropriated by the defendant for drainage purposes, and in determining such value you will be guided by the same consideration which would be regarded in the sale of property between private persons and what the land included in the drainage ditch and any additional land appropriated for the purpose of receiving the dirt excavated from the line of the ditch was worth in the market at the time of its taking, considered with reference to the use to which it was made at the time, or the most valuable use to which it was adapted. You will then determine, gentlemen, what benefits, if any, accrued to the plaintiffs by reason of the construction of the drainage ditch through their lands."

It is admitted that had the instruction stopped with the word "taking," it would have been free from error. The objection is made that said instruction limits the jury to two standards of value with the privilege of adopting either. If the instruction does this, it is erroneous. If the instruction establishes any other standard than the true market value, it is erroneous. This court said in the case of *Ft. Smith & Van Buren Dist.* v. *Scott*, 103 Ark. 405: "The measure of the owner's compensation for the land condemned is the market value thereof at the time of the taking for all purposes, comprehending its availability for any use to which it is plainly adapted, as well as the most val-

uable purpose for which it can be used and will bring most in the market."

Instruction No. 4, given by the court, is not accurately worded, but after carefully reading it, we are of the opinion that it clearly presented to the jury that the proper test was the *true market value*. It. will be observed that the instruction begins with the following statement: "You will take into consideration the fair and reasonable market value of the lands appropriated." They were also told that, in determining such value, to be guided by the same consideration which would be regarded in the sale of property between private persons. In the latter part of the instruction, they were told that, in arriving at the market value, they might consider it, "with reference to the use to which it was made at the time, or the most valuable use to which it was adapted." By telling the jury that it might consider these two uses in arriving at the market value, in no way prevented them from considering all the uses to which the land was adapted. Neither was it stating to them that they were to base their verdict on the most valuable use to which the land was adapted, as contended by appellant.

There being no affirmative showing that the jury disregarded the benefits to the lands of appellee by reason of the construction of the ditch, and instruction No. 4 being in accordance with law, the judgment is affirmed.