**Betty MINYARD et al., Appellants,**

v.

**TEXAS POWER & LIGHT COMPANY, Appellee.**

**No. 15537.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 17, 1954.

Rehearing Denied Oct. 22, 1954.

958

John W. West, Dallas, and W. K. Baldridge, Denton, for appellants.

Burford, Ryburn, Hincks & Ford, and Robert E. Burns, Dallas, for appellee.

MASSEY, Chief Justice.

The owners of property condemned for easement for a power line bring this appeal from the judgment of the trial court because they believe the award of damages for the property taken was insufficient and because of the finding that such owners' other property was not depreciated in value as result of the condemnation.

*Judgment affirmed.*

Under provisions of law the Texas Power & Light Company condemned for use as an easement for a power line a strip of land 100 feet in width, amounting to 5.01 acres. This strip runs through the property belonging to Mrs. Betty Minyard and her minor children. Their property, before condemnation, comprised approximately 110 acres located near the growing town of Lewisville, in Denton County, Texas. The condemnation occurred in 1951 at a time when the entire 110 acres was rural in character and was in use as a farm. It was within the contemplation of the owners to subdivide the property into lots and blocks at and prior to that time, but nothing had been done by them to that end and the property had never been surveyed for the purpose or otherwise marked.

The owners appealed from the award of the commissioners in condemnation, but upon the trial no issue was posed save the value of the property taken for easement purposes less its value remaining to the owners as subject to such purposes, and the diminution in value of the remaining uncondemned property. Hence the owners carried the burden of proof upon the issues tried in the court below.

The owners conceived the plan of having a subdivision map or plat drawn of the entire 110 acres after the condemnation took place. They employed a person skilled in such work to draw such a map and plat in complete disregard of the location of the property condemned, afterward superimposing the condemned strip upon the same. The person who drew the instrument had never seen the property but prepared his plat from the metes and bounds and size of the property as disclosed from abstract examination. The condemned strip, as superimposed, ran across a great many of

the lots so platted. Upon the trial the owners offered the map or plat in evidence. There was no offer of limitation as to its purpose. It was excluded by the court. Actually, as of the time of the offer, no predicate had been laid for the introduction of the plat for any purpose no matter how limited. Likewise, the court excluded proffered testimony based upon the map or plat, or based on the value of lots or blocks considered as actually marked off within the 110 acres and within the 100 foot strip condemned.

■■■ We believe the court did not err in excluding such as evidence. Where the property condemned is a part of a single tract of land, all of which is owned by a person or persons, its value and the value of that part condemned is determinable as an entirety, or in any event by substantial parcels, in instances where there is a variation in value of such parcels,—such as might be apparent because some parcels are wooded or rocky, etc., while other parcels are cultivated or level and fertile, etc. Or value might be determinable by parcels where one parcel be suitable and adaptable to building or other use while another is not suitable or adaptable to the same purpose. In this case the owners subsequently proved all of the land to be adaptable to subdivision and there was no occasion to consider it in parcels. Where there is no occasion to consider the property by parcels it should be and is properly considered in the aggregate and not considered as divided into lots particularly where such is tentative or speculative or prospective, and where there has been no actual division. Silliman v. Gano, 1897, 90 Tex. 637, 39 S.W. 559, 40 S.W. 391; Denison & P. S. Ry. Co. v. Scholz, Tex.Civ.App. 1898, 44 S.W. 560; Perry v. Wichita Falls, R. & F. W. R. Co., Tex.Civ.App., Fort Worth, 1922, 238 S.W. 276; Dickey's Estate v. Houston Independent School District, Tex.Civ.App. Texarkana, 1927, 300 S.W. 250, error dismissed; Galveston, H. & S. A. Ry. Co. v. Schelling, Tex.Civ.App. Beaumont, 1917, 198 S.W. 1018; Lewis on Eminent Domain, p. 1240, sec. 480; Nichols on Eminent Domain, 2nd Ed., p. 669; Nichols on Eminent Domain, 3rd Ed., sec. 14.31(1); 18 Am.Jur., p. 881, sec. 244.

The property owners were not deprived of their right to prove the condition of the property at the date part of it was taken, or its value and the value of the part condemned immediately prior and immediately subsequent thereto. An examination of the record discloses that they were not limited in their testimony showing that the property taken and that remaining was adaptable to use as a subdivision, and its value because of such adaptability. Had such owners been further permitted to introduce proof of the value of the property by lots as though the land had already been cleaned off and improved and laid out on the surface with streets or alleys, etc., the condemnor would have encountered prejudice of which he would have been entitled to complain, for such values would have been too uncertain and conjectural to warrant a fair computation consideration given to the expense necessarily attendant to such a conversion in the character of the property. See Nichols on Eminent Domain, 2nd Ed., p. 669, and Silliman v. Gano, supra.

■■■ The property owners have also predicated a point of error upon the refusal of the court to give a specially requested instruction relating to elements properly taken into consideration by the jury in determining market value. The instruction given in the charge includes all of the elements requested in proper language. The point is overruled.

Judgment is affirmed.