**UNITED STATES FIDELITY AND GUAR-ANTY COMPANY, Appellant,**

v.

**Omer W. JORDAN et al., Appellees.**

**No. 6488.**

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1955.

Rehearing Denied April 18, 1955.

Finney & Neal, Amarillo, for appellant.

R. C. Hamilton, Amarillo, and Wayne Bagley, Canyon, for appellees.

NORTHCUTT, Justice.

Appellees brought this suit to recover upon an insurance policy issued to appellees by appellant for damages caused by a wind and hail storm that happened on June 10, 1954. The trial was had to the court without a jury. The policy contained a $50 deductible clause thereby limiting appellant's liability to such damages as exceeded $50. The trial court found the damages to be $525 and deducted the $50 and granted judgment in favor of appellees, plaintiffs in the trial court, for $475. From this judgment appellant, defendant in the trial court, has perfected this appeal.

Appellant presents its appeal upon five points of error. Point one is on the contention there was no evidence to support the trial court's findings and judgment and point two that the findings of the trial court as to damages was so against the overwhelming weight of the evidence as to be clearly and prejudicially wrong. It was the contention of the appellee that the testimony of appellee, Jordan, that the reasonable cash market value of his house before the hail storm was $7,000 and approximately $600 less after the storm was sufficient to sustain the findings and the judgment of the court. If that had been all the testimony introduced as to the damages, we could not see that that was sufficient but it is undisputed that there was some hail at the time in question and it is also undisputed that there was some damage. It is undisputed that appellee orally notified appellant that he had some damage and appellant sent a Mr. Moore, an insurance adjuster, out to make an inspection of the appellee's property. After Mr. Moore made his inspection, he told appellee that he could not find damage exceeding $50. Appellee being dissatisfied with Mr. Moore's findings, Mr. Moore instructed appellee to secure a contractor and for appellee to call him. Appellee secured two estimates and called Mr. Fields, appellant's agent, and told him that he had two estimates of $400, and Mr. Fields informed Mr. Moore that the appellee had called him and told him about these estimates. The following morning after receiving appellee's call as to the estimates, Mr. Moore and Mr. Fields went out to appellee's house and Mr. Fields checked the damage very carefully and did not find damages exceeding $50 and so informed appellee.

Attorney for appellant in cross-examining the appellee asked him what Mr. Fields told him and appellee replied that Mr. Moore and Mr. Fields told him there was not $50 worth of damage on the house and the insurance company did not owe

him anything. Further, in this cross-examination, appellee was asked how many contractors he had called and what type estimate did he get from them and his reply was that he instructed each of them that all he wanted estimated was the hail and wind damage. Then by this same cross-examination, although admitted over the objections of appellee's attorney, he had appellee to give the estimate of one of these contractors and set out each item by item and the cost of each and show the cost of such estimate which was $592.50. The trial court could consider the evidence produced upon the cross-examination just the same as it could on direct examination. We are of the opinion that there was sufficient evidence to sustain the trial court's judgment even though we might have reached a different conclusion therefrom. Leonard v. Smith, Tex.Civ.App., 186 S.W. 2d 284. Appellant's points one and two are overruled.

■ Appellant's points three, four and five are as follows:

"3.

"As the undisputed testimony of even the appellee conclusively shows not only that demand was never made of appellant, but also that appellant never denied liability to appellee, the findings and conclusions of the trial court to the contrary are not supported by the record and must be stricken therefrom.

"4.

"As it is undisputed that appellee made no compliance with the proof of loss and appraisal requirements, and appellee completely failed to prove waiver by appellant of such conditions precedent, the lower court committed fundamental error in overruling appellants special exception Number 2.

"5.

"As appellee failed to comply with conditions precedent to suit, or establish appellants waiver thereof, a judgment for appellee based on findings to the contrary must be reversed and rendered because appellee is not properly before a court."

It is undisputed that appellee notified appellant of his damage—that appellant's agent and adjuster went out and inspected the property—that appellee was instructed to secure an estimate and notify the adjuster—the adjuster was notified of the two estimates—that Mr. Moore and Mr. Fields told appellee after they both had inspected the property that he did not find damages exceeding $50—appellee testified that Mr. Fields and Mr. Moore told him after they examined the property that there was not $50 worth of damage on the house and insurance company did not owe him anything. We are of the opinion the trial court was justified in concluding that appellant waived the compliance as to the proof of loss and that the appellee did as he was requested to do. Appellant's points three, four and five are overruled.

Judgment of the trial court is affirmed.