**W. B. COSTIN et al., Appellants,**

v.

**William P. BOSWORTH, Appellee.**

No. 5356.

Court of Civil Appeals of Texas.

El Paso.

July 29, 1959.

Rehearing Denied Oct. 7, 1959.

John R. Lee, Kenneth Vinson, Kermit, Charles H. Winston, Odessa, for appellants.

Perkins, Bezoni & Kirwan, Midland, for appellee.

ABBOTT, Justice.

This was a suit to recover the value of certain personal property alleged to have be-

longed to appellants by virtue of a contract to purchase same. The case was submitted to the jury on three special issues. Judgment was entered by the trial court for defendant, to which plaintiffs duly and timely excepted, and have perfected an appeal to this court bringing three points of error:

## "Point 1

"The Court erred in permitting the jury to consider evidence that appellants and appellee failed to arbitrate under the contract made the basis of appellee's cause of action.

## "Point 2

"The jury was guilty of misconduct in receiving additional evidence from its members as to personal experiences, and the court erred in refusing to set aside the verdict and grant a new trial therefor.

## "Point 3

"The jury was guilty of misconduct in that some of its members made erroneous statements of law to the other members, which statements influenced such other members to return a verdict contrary to what they would have otherwise returned and contrary to the law given the jury in the charge, and the Court erred in refusing to set aside the verdict and grant a new trial therefor."

All of these points of error are directed to the arbitration clause and option clause contained in the contract, and the discussion of said option clause and its effect upon the jury during their deliberations.

We do not have the statement of facts of the trial before us—only the statement of facts upon the hearing for a new trial. It will be noted, however, that the appellant (plaintiff below) incorporated into his original petition the contract, and made it a part thereof by reference as though set out in full. Without a statement of facts,

we are unable to consider Point of Error number one, raised by appellant.

Points two and three shall be considered together, as they both concern alleged jury misconduct. Appellant alleges that, during the deliberations of the jury, some of its members made erroneous statements of law to other members, which statements influenced a verdict contrary to that which they would have reached otherwise. The alleged erroneous statements were to the effect that written notice should have been given under the option clause of the contract, and that, because of said statements, three of the jurors changed their vote on a material special issue.

Rule 327, Texas Rules of Civil Procedure, sets out jury misconduct as required for a new trial. The trial judge has a considerable latitude in the granting of new trials for jury misconduct, and only upon a clear showing of abuse of discretion should his decision be reversed. Martin v. Shell Oil Co., Tex.Civ.App., 262 S.W.2d 564. There is some conflict between the testimony of the members of this jury as to the statements made. In a hearing on a question of jury misconduct, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and the trial judge has the right to resolve inconsistencies in testimony in favor of the validity of the verdict; Texas Employers Insurance Ass'n v. Hicks, Tex.Civ.App., 237 S.W.2d 699; Texas Employers Ins. Ass'n v. Layton, Tex.Civ.App., 278 S.W.2d 453; Hollingsworth v. Williamson, Tex.Civ.App., 300 S.W.2d 194; and such findings by the trial court are binding. Travelers Ins. Co. v. Carter, Tex.Civ.App., 298 S.W.2d 231; White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200.

Appellant had the burden of proving not only jury misconduct, but probable harm (Ray v. Gage, Tex.Civ.App., 269 S.W.2d 411), but, since the trial court found no misconduct, this question is not before us.

From the record before us, we can find no abuse of discretion on the part of the trial court, and therefore affirm its judgment.

### On Motion for Rehearing

Upon review of this case on motion for rehearing, we feel that a restatement of the reasoning behind our opinion might be helpful.

The trial court heard all of the evidence regarding the alleged jury misconduct and found there to be none. We believe the trial court's judgment was based on sufficient evidence to support its findings, and that there was no abuse of discretion. After finding the trial court's judgment to be correct, the question of probable harm is moot.

Believing our opinion to be correct, the motion for rehearing is overruled.