LAZENBY *v.* ARK. STATE HIGHWAY COMMISSION.

5-2063                                            331 S. W. 2d 705

Opinion delivered February 1, 1960.

[Rehearing denied February 29, 1960]

*Dinning & Dinning,* for appellant.

*Dowell Anders, William H. Donham & George O. Green,* for appellee.

PAUL WARD, Associate Justice.   This is an eminent domain proceeding by the Arkansas State Highway Commission to condemn an easement for a right-of-way to cross appellant's lands, and the principal question involved relates to the competency of evidence.

The appellant-defendant, Emma Louise Lazenby, owned 14.2 acres of land adjacent to the corporate limits of the Town of Marvell.   The Arkansas State High-

way Commission, appellee, filed suit to condemn an easement for right-of-way purposes in 1.94 acres of land running in a curve across appellant's lands in such a way as to leave approximately 9 acres on one side and approximately 3 acres on the other side of the right-of-way. Appellee's appraisers had fixed the value of subject land at $950.00, which amount was accordingly deposited in the Court. Mr. Lazenby, husband of appellant, was the only witness who testified regarding the value of the condemned land. At the conclusion of his testimony appellee moved for a directed verdict. Thereupon the court, in sustaining the Motion, made substantially the following statement: "The court is of the opinion that no substantial testimony was offered by the landowner upon which you could base a verdict and fix damages in excess of $950.00 . . ." Under the instructions of the court the jury returned a verdict in that amount in favor of appellant. From such verdict and judgment appellant prosecutes this appeal.

Mr. Lazenby testified substantially as hereafter set out. Appellant owned 14.2 acres of land on Highway No. 20 adjacent to the Town of Marvell and suited particularly for industrial use; the Highway Department took a strip 120 feet wide through the property in a curved shape leaving 2.7 acres on one side and about 9 acres on the other side—the Highway Department figures show that 1.94 acres were taken. The witness testified that 20 years ago they sold 2 acres to a gin company for $1,000.00 per acre and that the value of the land had since increased more than 20% recently the Federal Compress Company bought twenty acres within 100 yards of the subject land and paid $1,000.00 per acre for it and in addition paid $5,280.00 to build up the ground where they could use it; subject lands are higher than the land purchased by the Federal Compress Company; there is a railroad track along the side of subject land but there was no track on the above mentioned Compress land. The witness further testified that he was familiar with the value of lands in that community; that he had tried to buy land but was unable to do so; that he and his

wife had had opportunities to sell their land but wanted to hold it for industrial purposes; that in his opinion he could sell subject land for more than $1,000.00 per acre; and in his opinion the land was worth more than $1,000.00 per acre.

"Q. What do you value your land, that is, what do you value this land?"

In response to an objection by the Highway Department the Court made this statement: "The court will permit him to say what value he puts on the land, for whatever that is worth. The jury will be told that he has not yet qualified as an expert".

It is our conclusion that the trial court was in error in directing a verdict for appellant in the sum of $950.00. In fact, we are unable to harmonize the action of the trial court directing the verdict with its previous statement, as shown above, that "The court will permit him to say what value he puts on the land (referring to the witness) for whatever that is worth". Likewise the trial court, in directing the verdict, stated: "The court is of the opinion that no substantial evidence has been offered by the landowner upon which you could base a verdict and fix damages in excess of $950.00".

It appears to us that appellee, and perhaps the trial court erroneously thought the proper way to fix the value of the condemned land was to show the market value of the entire tract of land before the taking and the market value of the remaining land after the taking. This rule would be correct if appellant was seeking severance damages to the remainder of the land because of having been divided by the right-of-way. It will be noted, however, that the witness did not attempt to establish this kind of damages but was only seeking to show the value of the land that was actually taken.

Mr. Lazenby, the husband of appellant, had a right to testify as to the value of the land even though he did not qualify as an expert witness in the matter of appraising lands. In numerous cases we have allowed non-expert witnesses, and even the owners of the land,

to testify regarding the market value of land if the testimony shows that they are familiar with such matters. In the recent case of *Arkansas State Highway Commission* v. *Muswick Cigar and Beverage Company, Inc.,* 231 Ark. 265, 329 S. W. 2d 173, this Court allowed a part-owner to testify regarding the market value of land condemned and there was no contention that the witness was an expert. In this case there is no question but that the witness, as shown by his testimony heretofore set out, was familiar with the market value of land in that immediate vicinity. Therefore, the trial court was correct in saying that it should go to the jury for what it was worth. See also *Fort Smith & Van Buren District* v. *Scott,* 103 Ark. 405 (at P. 409-410), 147 S. W. 441.

Neither do we agree with appellee's contention, heretofore mentioned, that it was necessary for the witness to testify as to the value of the land before and after the taking. Since appellant was only seeking to recover the value of the land actually taken it was proper to show the market value per acre. This having been done it was only necessary to multiply that amount by the number of acres taken. There is a long line of cases in support of this rule.

In the case of *Little Rock-Fort Smith Railway Company* v. *McGehee,* 41 Ark. 202, appellee owned "the river front for a quarter of a mile on the eastern or northern bank of the river". Appellant sought to take only three or four acres of this land, and the question was "the amount of compensation which the owner of the land condemned is entitled to receive". There the Court approved testimony establishing the value of land actually taken, and no mention was made of the before and after rule. In the case of *Little Rock Junction Railway* v. *Woodruff,* 49 Ark. 381, 5 S. W. 792, appellant sought "to condemn a site for the landing and approaches of a railroad bridge across the Arkansas River". It appears that this was a partial taking of appellee's land. The Court there said: "The market value of the property is the true criterion of damages in these cases". Again no mention was made of the before

and after rule. In the case of *Fort Smith and Van Buren District* v. *Scott, supra,* appellant sought to condemn 10 acres of land belonging to appellees for a bridge site. The complaint shows that appellees owned other lands which were not taken. One of the questions involved was the value of the 10 acres taken. The opinion states that: "The only issue was as to the value of the property taken". In the opinion it is further stated that: "The estimates of the witnesses ranged all the way from $750.00 to $100,000.00". The jury returned a verdict for $10,000.00. In affirming the case this Court, disregarding entirely the before and after rule, among other things, stated: "The measure of the owner's compensation for the land condemned is the market value thereof at the time of the taking. . ." "The sole question here was the market value of the land and the witnesses gave their opinions as to that value, basing them on different facts and reasons in support thereof". In the case of *Drainage District No. 11* v. *Stacey,* 127 Ark. 549, 192 S. W. 904, appellee, instituted suit to recover for land taken by appellant for a drainage ditch *across* his lands. The jury returned a verdict in favor of appellee in the sum of $1,000.00 and appellant appealed. In affirming the case this Court approved the following instructions: "You will take into consideration the fair and reasonable market value of the lands actually appropriated by the defendant for drainage purposes, and in determining such value you will be guided by the same consideration which would be regarded in the sale of property between private persons and what the land included in the drainage district and any additional land appropriated for the purpose of receiving the dirt excavated from the line of the ditch was worth in the market at the time of its taking . . ." The Court also approved this statement: "The measure of the owner's compensation for the land condemned is the market value thereof at the time of the taking for all purposes ·. . ." Again no reference was made to the before and after rule. To the same effect is the case of *Baucum* v. *Arkansas Power*

*and Light Company,* 179 Ark. 154, 15 S. W. 2d 399, where appellee sought ''to condemn a right-of-way for an electric power transmission line across lands belonging to appellants''. There the Court did apply the before and after rule with reference only to the damage to other lands, saying: ''If you find from the testimony that the construction of the line along the 80-foot right-of-way has damaged other lands of defendants, then you will determine from the testimony the difference, if any, between the fair market value of such other lands before the construction and the fair cash market value after the construction . . .'' As to the value of the land actually taken the Court in that case said: ''In determining what is full compensation for property, or right-of-way through property, this Court has several times defined the term 'market value' . . . the market value is what the land would be reasonably worth on the market for a cash price, allowing a reasonable time within which to effect a sale''. Likewise in the case of *Yonts* v. *Public Service Company of Arkansas,* 179 Ark. 695, 17 S. W. 2d 886, where appellee condemned a portion of appellant's land for a dam site and reservoir, the opinion shows that several witnesses testified to the fair market value of the land and placed varying figures as a price per acre, and the jury returned a verdict ''for $30.00 per acre for the land owned by Mrs. Bentley, and $25.00 per acre for the land owned by Mrs. Yonts''. The jury, however, allowed appellees nothing for the land taken for a pipe line across the property and for this reason the case was reversed. Otherwise the Court put its approval upon testimony showing the market value per acre of the land taken and also the jury's verdict based thereon.

Although not argued by appellee it has been suggested that the action of the trial court could be affirmed on the ground that even though the testimony tended to show the subject land to be valued at approximately $2,000.00, the court had the right to deduct from that amount benefits which accrued to appellant by reason of bordering on a good highway. We see no merit

in such a contention for two very good reasons. First, there is no testimony in the record to show that the rest of appellant's land was in any way benefited either generally or especially. In the second place, although it may be considered common knowledge that a good highway increases the value of the adjoining land yet the benefits which are deductible are the benefits which are peculiar and special to the land involved. Many decisions of this court sustain that view as shown below.

In the case of *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707, the Court considers this very question, stating: ''The view which seems to us to accord with reason, and which is supported by high authority, is that where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are *local, peculiar,* and *special* to the owner's land, who has been required to yield a portion *pro bono publico*'' (Emphasis supplied). The above and exact quotation was approved in the case of *City of Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78; *Ross* v. *Clark County,* 185 Ark. 1, 45 S. W. 2d 31; and *Washington County* v. *Day,* 196 Ark. 147, 116 S. W. 2d 1051. Also in the case of *Washa* v. *Prairie County,* 186 Ark. 530, 54 S. W. 2d 686, the Court in this case stated: ''It is true also that, before the owner can be said to have been compensated by benefits derived from the appropriation of his property, such benefits must be, not those enjoyed by the public generally, but must be special benefits accruing to the particular owner of the land from which a part had been taken''.

Nor are we convinced by appellee's argument that the trial court had the discretion to find Mr. Lazenby was not a competent witness. True he was not an expert witness but he did show that he was familiar with land values in that vicinity.

In view of the foregoing it is our conclusion that the judgment of the trial court must be, and it is hereby, reversed and the cause remanded.

Reversed and remanded.

McFADDIN, J., dissents.