STATE of Texas, acting by and through the CITY COUNCIL OF DAINGERFIELD, Texas, Appellant,

v.

H. B. WALKER et ux., Appellees.

No. 7210.

Court of Civil Appeals of Texas.

Texarkana.

March 29, 1960.

Russell & Perkins, Mt. Pleasant, for appellant.

Boyet Stevens, Daingerfield, for appellees.

PER CURIAM.

This is an eminent domain case. The State of Texas, acting by and through the City Council of Daingerfield, Morris County, Texas, instituted condemnation proceedings against H. B. Walker and wife, Irma Walker, seeking to condemn land of the Walkers for state highway purposes. The Walkers appealed to the County Court of Morris County, Texas from the award made by the special commissioners. There was a jury trial in the County Court. In response to special issue No. 1 the jury found the market value of the strip of land condemned by the state for highway purposes on February 5, 1958, considered as severed land, was $1,500.00. The jury further found in response to special issues Nos. 2 and 3, that the reasonable market value of the Walkers' remaining property (excluding the portion included in the highway right-of-way) immediately prior to the condemnation was $9,000.00 and immediately thereafter was $7,500.00. The County Court entered judgment for the Walkers, appellees herein, in the amount of $3,000.00, less $438.00 which was the amount of the award of the special commissioners which had been deposited by the City of Daingerfield in the registry of the court. The city has appealed.

Appellant's first point is as follows:

"Parties having agreed that the land in controversy was taken or condemned as of February 5, 1958, it was error for the court to permit witnesses to testify on the matter of damages that after such date and during the course of construction, dust from the area where the road was being constructed drifted onto Appellees' property and into Appellees' house."

It is our view that the evidence in question was admissible for whatever probative force it may have had with respect to damages to the Walkers' remaining property, excluding the severed portion. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979; Texas Electric Service Co. v. Campbell, Tex.Civ.App., 328 S.W.2d 208; Gulf, Colorado & Sante Fe Railway Co. v. Payne, Tex.Civ.App., 308 S.W.2d 146.

■ Furthermore, while appellant objected to the evidence in question given by the witnesses H. B. Walker, Irma Walker, W. A. Connor and E. L. Sellars, the same character of testimony was given by the witnesses Morris Unsell and E. G. McMillan and no objection was made by appellant to such testimony given by Unsell and McMillan. The rule is well established that error in admitting testimony is harmless if other evidence of the same facts are admitted without objection. Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710, err. ref., n. r. e. Also the only complaint made by appellant regarding the testimony in question is that it related to matters occurring after February 5, 1958, the date of the taking. The record also shows that other testimony of damages to the remainder of the land caused by construction of the highway resulting in the backing up of water on appellees' garden plot, after February 5, 1958, was admitted without objection.

■ Appellant's first point is overruled.

Appellant's second point reads as follows:

"The court committed error in heading the charge to the jury as 'The State of Texas vs. H. B. Walker et ux', since this was a proceeding brought by the City of Daingerfield under Article 6673e-1; and therefore, the charge should have been headed up 'City of Daingerfield vs. H. B. Walker, et al', and thereby the jury would have been correctly informed as to the true parties to the suit."

Appellees in reply to appellant's second point in their brief state:

"Appellant styled this case 'State of Texas vs. H. B. Walker et al' in the very first pleading (Tr. 1) and began the same 'Comes Now, the State of Texas * * *.' Appellant's only objection to the charge is that it is styled State of Texas. (Tr. 21)."

■ It is our view that appellant's second point does not present reversible error in the light of the whole record in this cause and said point is overruled. Rule 434, Texas Rules of Civil Procedure.

Appellant's third point reads as follows:

"The Trial Court committed error in overruling Plaintiff's motion to disregard the jury's findings to Special Issues Nos. 2 and 3 because the answer to these Special Issues has no support in the evidence, there is no evidence to raise such issues or support the findings of the jury."

■ The evidence shows that a portion of appellees' land was taken for highway purposes and various witnesses testified as to the value of the severed portion. There was ample evidence of probative force to sustain the finding of the jury to special issue No. 1 that the market value of the severed portion was $1,500.00 and this finding has not been attacked by appellant.

There was also testimony from several witnesses to the effect that Mr. Walker had a garden plot on the remainder of his land (excluding the severed portion) until the highway in question was constructed in 1958, but not thereafter, by reason of too much water being on his garden plot, that after the construction of the highway water accumulated on the garden plot and that after the construction of the highway Mr. Walker could not use the garden plot. The sum and essence of such testimony tends to prove that the garden plot was damaged by excessive water caused by the construction of the highway. Also as outlined in the discussion under appellant's point one, proof was made that the remainder of the land was damaged by dust arising from the construction of the highway.

The location and size of the severed land, the garden plot, and the home of Mr. and Mrs. Walker are shown by photographs and plats in the record. Mr. Walker, after describing his land and testify-

ing as to the water damages to his garden, testified on direct examination as follows:

"Q. Are you familiar with land values in and around Daingerfield to the extent you can form an opinion as to the value of them, Mr. Walker? A. Pretty much so, yes, sir.

"Q. In your opinion what is the value of the tract of land that is out in the highway that they have already taken, treating it as severed land or as apart in and of itself? A. Fifteen hundred dollars.

"Q. Now, at the time they took that land, what do you think was the value of the balance of your land, with the exception of that? A. Nine thousand dollars.

"Q. Beg your pardon? A. Nine thousand.

"Q. How much? A. Nine thousand.

"Q. And what do you think that it was worth after they took it? A. Well, seven thousand, five hundred."

Appellant offered no objection to this testimony.

Also appellant by its witness Cason offered testimony to the effect that the remainder of appellees' property was damaged to the extent of $250.00.

Appellant also offered as a witness, Mayor Morrison of the City of Daingerfield, who testified on direct examination in part as follows:

"Q. Now, Mayor, excluding now this portion of Walker's lot down here, Mr. Walker's lot, I will ask you to state what, if anything, is the difference in value to the remaining portion of his lot by reason of this taking or the damage to it so to speak? A. I estimated his damage to be approximately six hundred dollars.

"Q. And that is as it existed on February 5, 1958? A. Yes, sir."

On cross-examination Mayor Morrison testified in part as follows:

"Q. Yes, sir. And you further testified at that time the remainder of the lot after that part has been taken is worth six hundred dollars less than it was before it was taken. In other words, you testified he had been damaged six hundred dollars? A. Yes, sir.

"Q. So, your testimony is that the value of that property after they took that green part is six hundred dollars less than it was before they took it because he has been damaged six hundred dollars, that is your testimony? A. That's right."

Appellant's third point is overruled. See the following authorities: Aetna Ins. Co. v. English, Tex.Civ.App., 204 S.W.2d 850; Texas Hardware & Implement Mutual Fire Ins. Co. v. Dallas Trust & Savings Bank, Tex.Civ.App., 295 S.W. 665, wr. ref.

Appellant's fourth point reads as follows:

"Misconduct of the jury was shown in that the jury, during its deliberations, discussed the effect of their answers to the issues and how the same should be answered in order that Appellees may recover, and the court committed error in refusing to set aside the verdict of the jury."

Rule 327, Texas Rules of Civil Procedure, sets out jury misconduct as required for a new trial. The trial judge has a considerable latitude in the granting of new trials for jury misconduct, and only upon a clear showing of abuse of discretion should his decision be reversed. Martin v. Shell Oil Co., Tex.Civ.App., 262 S.W. 2d 564. In a hearing on a question of jury misconduct, the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and the trial judge has the right to resolve inconsistencies in testimony in favor of the

validity of the verdict; Texas Employers' Insurance Ass'n v. Hicks, Tex.Civ.App., 237 S.W.2d 699; Texas Employers' Insurance Ass'n v. Layton, Tex.Civ.App., 278 S.W.2d 453; Hollingsworth v. Williamson, Tex.Civ.App., 300 S.W.2d 194, and such findings by the trial court are binding. Travelers Ins. Co. v. Carter, Tex.Civ.App., 298 S.W.2d 231; White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; Costin v. Bosworth, Tex.Civ.App., 328 S.W.2d 235.

Appellant in the hearing on the motion for new trial placed two of the jurors on the witness stand and appellees placed two jurors on the witness stand. The trial court also interrogated one of these jurors. It is our view that the testimony of these jurors presented inconsistencies for the court to pass upon.

■ In the instant case no findings of fact or conclusions of law have been filed or requested as the result of the hearing on the motion for new trial. It is, therefore, the duty of an appellate court to presume in support of the Trial Court's ruling that in passing upon the testimony of the jurors as witnesses the trial judge gave it the most favorable construction of which it was susceptible that no such misconduct occurred. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Menefee v. Gulf, C. & S. F. Ry. Co., Tex. Civ.App., 181 S.W.2d 287; Galveston, H. & S. A. R. Co. v. Waldo, Tex.Civ.App., 77 S.W.2d 326; Putman v. Lazarus, 156 Tex. 154, 293 S.W.2d 493; Davis v. Damge, Tex.Civ.App., 328 S.W.2d 203.

■ The trial court heard all the evidence regarding the alleged jury misconduct and found none. We believe that this record does not show that the trial court abused its discretion in failing to find jury misconduct.

■ Furthermore appellant not only had the burden of proving jury misconduct by a perponderance of the evidence but also of showing that it probably resulted in injury to him. In this connection see Davis v. Damge, Tex.Civ.App., 328 S.W.2d 203, 204, and authorities cited therein, wherein it is stated:

"At this late date we deem it wholly unnecessary to do more than to point out that where jury misconduct is relied on as a ground for new trial, Rule 327, Texas Rules of Civil Procedure, since its adoption on September 1, 1941, has been construed to do away with the presumption of prejudice which, under the provisions of Article 2234, Vernon's Ann.Texas St., 1925, arose from mere proof of jury misconduct, and the burden now rests upon the party asserting such misconduct, not only to prove by a preponderance of the evidence that misconduct occurred, but also of showing that it probably resulted in injury to him. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287, ref., w. m.; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989."

41B Tex.Jur., Sec. 307, states:

"Supervision of and Probing into Reasoning of Jury.—The courts cannot undertake to probe the minds of the jurors or supervise their process of reasoning during their deliberations. They will not set aside a verdict merely because the jury indulges in speculations as part of the mental process by which it arrived at a verdict, or because an individual juror of his own accord considered an improper fact. In the absence of some overt act of misconduct, the courts do not permit such inquiry. Erroneous conclusions from the evidence or illogical reasons for a verdict do not constitute misconduct. The same is true of the failure of jurors to comprehend the charge of the court, or to apply the law as given therein to the facts proved."

The case of Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364, holds to the effect that a jury is not guilty of misconduct and their verdict need not be set aside when one or more jurors simply misconstrue a portion of the charge and state an erroneous interpretation thereof to the jury. To the same effect is Adams v. Houston Lighting & Power Company, Tex., 314 S.W.2d 826.

■ We are of the further view after examining the record as a whole that the alleged jury misconduct complained of by appellant was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the cause and did not constitute reversible error. Rule 434, T.R.C.P.

Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.