Helen R. NELSON et vir, Appellants,

v.

The STATE of Texas, Appellee.

No. 11376.

Court of Civil Appeals of Texas.

Austin.

March 16, 1966.

Rehearing Denied April 13, 1966.

Second Motion for Rehearing Denied
May 4, 1966.

Frank D. Masters, San Antonio, for appellants.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Carroll R. Graham, Watson C. Arnold, Robert C. Patterson, Jerry H. Roberts, Asst. Attys. Gen., Austin, for appellee.

HUGHES, Justice.

This is a condemnation proceeding by the State of Texas against Helen R. Nelson and husband, Harold S. Nelson, owners, and Joseph Y. Stateson and First Federal Savings and Loan Association of New Braunfels, lienholders, to condemn the fee title, excluding oil, gas and sulphur, to 3.29 acres of land and to establish a drainage easement on an additional 1.644 acres out of a tract of land containing 65.29 acres. This land is located on the north side of Interstate Highway 35, approximately 5.1 miles west of the center of the City of New Braunfels.

The Commissioners awarded total damages in the sum of $4,850.00, which amount was deposited by the State and partially withdrawn by the parties entitled thereto.

In the trial below the jury found the total damages to be $2,103.00, the result being that judgment was rendered in favor of the

State for $2,747.00, the difference between the amount deposited by it and the amount of the jury verdict.

■ It is our opinion that this cause should be reversed and remanded for the reason that the trial court adopted an erroneous theory for the admission of testimony regarding recent sales of comparable property. The theory adopted by the trial court, and reflected in his rulings, was that recent sales in order to be comparable must be comparable in size to the parent tract of 65 acres and that sales, otherwise comparable, were inadmissible if they were comparable in size only to the smaller tracts which were actually taken.[1]

Mr. Jack Ohlrich, the State's expert valuation witness, testified that there was no damage to the property not taken and that the damages to the land taken, in partial fee or by easement, was $2,103.00, the exact amount found by the jury.

Mr. Ohlrich testified that he valued the 3.29 acre tract " * * * at the same value that I gave the entire farm of $300.00 per acre. * * * "

On direct examination Mr. Ohlrich testified to sales which he considered comparable. The acreage involved in these sales was 58.3, 204, 219 and 87.8, respectively.

On cross examination Mr. Ohlrich was asked about a sale, of which he had personal knowledge, of a tract which compared in size with the tracts actually taken in fee or subjected to the drainage easement. This testimony was excluded.

The record shows the following to be the proffered testimony regarding this sale:

"Q Now Mr. Ohlrich, I believe you testified yesterday that on the sale of the property from Paul Fisher to the Santa Clara Land Company of a 4.011-acre tract, which was in January of 1963, that you handled that sale?

A Yes, sir.

Q And I believe you testified that Mr. Fisher had a dairy farm there?

A Not on the 4.0, but across the highway.

Q But the 4.011 acres was a part of the farm?

A Yes, sir.

Q At the time of the sale of this 4.011 acres to the Santa Clara Land Company, I believe you testified they were cutting hay off the four acres?

A That's what I said.

Q Did you handle that sale?

A Yes, sir.

Q What was the consideration for that sale?

A I believe it was $1,750.00 per acre.

Q $1,750.00 per acre?

A This is from memory. I think I am close.

Q Actually, now, I believe you further testified that the Fisher farm is on the same highway, Interstate 35, and is located adjacent to Interstate 35 as the Nelson farm? They are both on the same road?

A Yes.

1. "MR. MASTERS: Then is it the ruling of the Court that I must compare any comparable sales to the entire sixty-five acre tract of the Nelson farm? Is that the ruling of the Court?
THE COURT: If you have a similar sale like that.
MR. MASTERS: In other words, the sixty-five acre sale or something close to sixty-five acres in size, is that correct?
THE COURT: In comparison.
MR. MASTERS: Yes, sir. So, to get up a comparable sale I would have to have a tract of land approximately sixty-five acres in size, is that correct, Your Honor?
THE COURT: Right."

Q Are they not?

A It is on the opposite side.

Q On the opposite side of the road?

A Yes, sir.

Q And they are both on the west side of New Braunfels?

A That's right.

Q And both on what we call the San Antonio highway between—on IH 35 between new Braunfels and San Antonio?

A Yes, sir.

Q And I believe you testified yesterday, did you not, sir, that the distance between the Nelson farm and the Fisher farm at that time on Interstate 35 was about a half to three-quarters of a mile?

A Yes, sir.

Q Both on the same side of town?

A Yes, sir.

Q Both out in the country out there?

A Yes, sir.

Q Both within the area that you testified to yesterday between the City of San Antonio and the City of New Braunfels that has been developing at a progressively rapid pace since the post-war days after World War II?

A Yes, sir. I qualified the statement with the fact that there was lots of open land in between there."

The Nelson property was pasture land on which was located a house, two barns, dairy barns, fences and other incidental improvements. None of the improvements, except fences, was on the land taken by the State.

 In a condemnation suit where only a portion of the owner's land is taken there are involved two distinct valuations, the value of the land taken and the value of the land remaining. As to the value of the land remaining, this is of importance only if its value has been diminished as a result of the taking. Frequently, and perhaps usually, there is no difference in value between the value of the portion taken and the remainder. In such cases evidence as to the value of the entire tract is relevant and adequate for evaluating both the area taken and the remainder. Where, however, there are circumstances which give rise to an increased value for the portion taken over the value of the remainder evidence is admissible which is legally relevant to establish such value. In such cases, the average value of the entire tract is not adequate compensation for the land taken.

A simple example is the taking of a comparatively small area containing valuable improvements leaving a large remainder with no improvements. Clearly, the average value of the entire tract would not fairly compensate the owner for his loss.

If a 10,000 acre ranch fronts 1000 feet on a beautiful stream and this frontage and an adjacent 100 acres is condemned it would, in our opinion, be absurd to hold that the owner would not be permitted to show that this 100 acres had a value in excess of the average value of the 10,000 acres. It is just as absurd, in our opinion, to hold that the only comparable sales which could be shown would be sales of ranches of 10,000 acres with similar water frontage. It is our opinion that the sales of tracts similar to the 100 acre tract on the river would be comparable sales. We believe this view is sustained by the authorities. We quote the following from 4 Nichols on Eminent Domain, Sec. 14.231, p. 545:

"In assessing the value of the land taken as part of the entire tract it is not proper merely to compute the percentage value on the basis of an artificial average unit value for the entire tract unless the actualities of the case accord with such coverage value. It may be that the part

taken is the most valuable part of the tract considered from a qualitative point of view. To attribute an average unit value thereto which is based in part on the lower value of the balance of the tract is inequitable to the owner in a double aspect of the situation. It attributes a value to the part taken which is lower than its actual value and it attributes a higher ultimate value to the remainder area than its actual value, thereby reducing his recovery as to both factors below his actual damages."

In Territory of Hawaii, by Sharpless v. Adelmeyer, 45 Haw. 144, 363 P.2d 979 the Court said:

"Most of the partial taking cases applying the method of valuing the part taken in relation to the entire tract are those involving strips of land which had no real economic or market value standing alone. But where the part taken has an independent economic use with a market value and commanded a higher value as a separate entity, such value has been allowed. Lazenby v. Arkansas State Highway Commission [231 Ark. 601], 331 S.W.2d 705; Wishek Investment Co. v. McIntosh County [77 N. D. 685, 45 N.W.2d 417]."

In Union Ry. Co. v. Raine, 114 Tenn. 569, 86 S.W. 857, Tenn.Sup.Ct., it was stated:

" '[W]hen a small strip or portion of the land is involved, it ought to be valued at such a price, for the quantity taken, as the jury deemed it would be worth at that place and in that form, whether that be more or less than the price proven per acre for the whole tract.' "

In Morgan v. State, Tex.Civ.App., 343 S.W.2d 738, El Paso, writ ref., n. r. e., the tract condemned contained 6 plus acres, the whole tract contained 21 plus acres.

The trial court set as a standard comparable sales of one acre or more. The owner wanted to show sales of less than one acre. The Court of Civil Appeals held that no abuse of discretion was shown. Of im-

portance here is the fact that the element of size in determining whether the sales were comparable was not restricted to the parent tract.

In Minyard v. Texas Power and Light Company, Tex.Civ.App., 271 S.W.2d 957, Fort Worth, writ ref., n. r. e., the Court stated:

"Where the property condemned as a part of a single tract of land, all of which is owned by a person or persons, its value and the value of that part condemned is determinable as an entirety, or in any event by substantial parcels, in instances where there is a variation in value of such parcels,—such as might be apparent because some parcels are wooded or rocky, etc., while other parcels are cultivated or level and fertile, etc. Or value might be determinable by parcels where one parcel be suitable and adaptable to building or other use while another is not suitable or adaptable to the same purpose."

■ Since there are instances in which the part taken has a value greater or lesser than the remainder and each value should be separately determined, it logically follows that the rules for ascertaining such values should be the same. We hold that they are the same.

■ The Trial Judge, in this case, should admit evidence of sales comparable, in size, to the whole tract, the remainder, as well as to the tract taken and should use the same latitude or allow the same variance in the one case as he does in the other.

There were other comparable sales offered by appellant but we do not believe it necessary to discuss the details of them for the reason that what we have said constitutes sufficient guidance for the trial court in determining their admissibility.

■ We do not gainsay the discretion of a Trial Judge in the matter under discussion. We do say that when the Trial Judge, as here, employs a rule of thumb which is er-

roneous and prejudicial, that he has abused his discretion.

The rules which we have given above should also apply in defining the scope of cross examination of value witnesses. Whether testimony of other comparable sales elicited from value witnesses is competent substantive evidence of such sales depends on compliance with ordinary rules of evidence. See Hays v. State, Tex.Civ.App., 342 S.W.2d 167, Dallas, writ ref., n. r. e.

In addition to the matters above discussed, appellants complain that the trial court erred excluding evidence tending to show that the subject property was suitable for and adaptable to commercial development. Witness William O. Garrett would have testified to the proposed construction of water lines across the Nelson property. The lines had not been actually laid when the condemnation suit was filed but the plan for their construction was firm. We believe this evidence should have been admitted as a circumstance tending to show the best use to which the property could be reasonably adapted.

We overrule appellants' contention that testimony as to the price at which comparable property had been listed for sale is comparable. Evidence of this sort is too chimerical to be admissible.

Appellee has a counterpoint which is not in answer to appellants' points and is that there is insufficient basis in appellants' motion for a new trial for their points presenting the questions which we have discussed.

Appellants' motion for new trial contained this assignment of error:

"Because the Court erred in excluding from the Jury the evidence offered by the defendant of comparable sales in the area of the subject property condemned by the plaintiff; said evidence being testimony offered by the witnesses, Harold S. Nelson, William Garrett, Jack Ohlrich and W. F. Castella."

We hold this assignment to be a sufficient predicate for points relating to the refusal of the trial court to admit evidence of comparable sales offered by appellants affirmatively and by way of cross examination of value witnesses as shown herein. These Points, upon being sustained required reversal of the judgment. In discussing other Points presented, it is immaterial whether they are properly supported by new trial assignments. They are likely to recur upon retrial and our discussion of them will furnish a guide for the trial court.

This case is reversed and remanded.

Reversed and remanded.

## ON MOTION FOR REHEARING

It does appear, as appellee states, that testimony regarding the proposed construction of water lines across the Nelson property was admitted without objection. Appellants, in their brief, thought otherwise because of prior instructions of the Court. Appellee's concession in this matter makes our decision on this point moot. In so holding, we assume that this same testimony will be admitted, if offered, on retrial.

We disclaim any intention of holding that the result of condemnation proceedings could constitute a comparable sale. There may be other valid objections to the admissibility of evidence pertaining to comparable sales offered by appellants. We cannot pass on any such objections now because we do not know what they are. It is obvious that the principal purpose we sought to achieve in our opinion was to correct what we believe to have been an arbitrary and erroneous rule in excluding testimony of comparable sales offered by appellants.

The motion is overruled.