## FEIBELMAN *v.* TRUNKLINE GAS CO.

5-2540                                      351 S. W. 2d 447

Opinion delivered December 4, 1961.

*W. K. Grubbs, Sr.,* for appellant.

*O. C. Burnside, Harry E. Meek* and *Winston Hampton,* Houston, Texas, for appellee.

JIM JOHNSON, Associate Justice. This is an action in eminent domain brought by appellee, Trunkline Gas Company, against appellant, Karoline Feibelman, for the acquisition of an easement for pipeline purposes across land owned by appellant.

The strip of land condemned for the construction of the pipeline ran diagonally across a sizeable portion of appellant's property and cut across a canal leading from a deep well which carried irrigation water from the well to other parts of the farm.

At the time of the construction of the pipeline, the land was being farmed in rice and the crop was almost ready for harvest. It was stipulated that the value of appellant's interest as landlord in the crop of rice on the right-of-way which was destroyed by construction was $371.25. In addition to this stipulated amount, the jury returned a verdict for damages to the land in favor of appellant in the sum of $1,267.50, making a total judgment in favor of appellant in the sum of $1,638.75.

From this judgment appellant appeals.

For reversal, appellant contends, *inter alia,* that the trial court erred in sustaining the objection to the question and answer of J. C. Emenhiser.

The witness, J. C. Emenhiser, after being qualified as a person who knows the land here in question, [he has farmed it; he owns land in the area which was bought in fairly recent years], testified on direct examination that the ''before'' value of this land was, in his opinion, $66,000, and the ''after'' value was $48,000, for a difference of $17,000. Immediately after this statement he was asked the following:

''Q. Upon what do you base your opinion? What factors do you consider?

''A. You mean on the  .  .  .

''Q. Why do you feel the market value has been reduced?

''A. Well, on the condemned line, now I'm a rice farmer, and on a condemned line, the pipeline is not going to pay no damages whatsoever from here on and for that reason.  .  .  .''

Condemnor's Attorney:

"We object to that testimony. That expression, and ask it be stricken."

The Court:

"At this time I will tell the jury to disregard that *question* and *answer*. Objection sustained."

Landowner's Attorney:

"No further questions."

Condemnor's Attorney:

"No question, Your Honor."

Landowner's Attorney:

"Before resting, the Defendant objects to the ruling of the Court for denying the *question* and *answer*."

The Court:

"The jury will disregard the entire testimony of the witness."

Landowner's Attorney:

"The Defendant objects to the ruling of the Court in striking the last question and answer and makes this offer of proof from the witness Emenhiser. What he would have given if allowed to answer, would have been substantially in accord with previous testimony of previous witnesses as to factors affecting the value. . . . The factors and considerations upon which he bases his opinion goes to its credibility under the instructions of the Court, and the Plaintiff has the right to cross-examine and bring out those factors if he so desires, and disqualify that witness' opinion in that manner. The above goes to the questions of the before and after damages. . . ."

Certainly it was proper for appellant to offer evidence as to the "before and after" value of the land, but as here correctly recognized by the attorney for appellant in his objection to the ruling of the court, the statement by a witness of naked figures alone will not meet the test of the rule laid down in *State Highway Commission* v. *Byars*, 221 Ark. 845, 256 S. W. 2d 738, wherein

it was held that a mere statement of the before and after value without stating and taking into consideration the related factors upon which that opinion is based is no evidence of damages. See also: *St. Louis Southwestern Railway Co.* v. *Braswell,* 198 Ark. 143, 127 S. W. 2d 637. Following this rule in the instant case, the witness should have been permitted to state the related factors upon which his opinion was based and to otherwise explain his reasons for testifying that the market value of the land had been reduced because of the taking. The question was absolutely proper. The answer from the portion we have before us prior to the interruption appears to be laying a proper foundation for a competent answer to the question propounded.

Therefore, the judgment is reversed and the cause is remanded. Other alleged errors are of such a nature that they will probably not occur in the event of a new trial.

GEORGE ROSE SMITH and ROBINSON, JJ., not participating.