GIRARD *v.* KUKLINSKI.

5-2758                                   360 S. W. 2d 115

Opinion delivered September 10, 1962.

[Rehearing denied October 8, 1962.]

*Wootton, Land & Matthews,* for appellant.

*Richard W. Hobbs,* for appellee.

GEORGE ROSE SMITH, J. This is an action by Kuklinski and his wife to recover damages for personal injuries and loss of consortium sustained when the husband's car, while stopped at an intersection, was struck from behind by a vehicle driven by the appellant. There was a $12,000 verdict for Kuklinski. We find it necessary to consider only

the appellant's contention that the court permitted the plaintiffs to introduce incompetent and prejudicial evidence.

Two police officers who investigated the accident gave their opinion that the defendant Girard was drunk at the time. Over an objection one of these witnesses also testified that he placed a charge against Girard for driving while under the influence of intoxicants.

The latter testimony was inadmissible. It is generally held that evidence of an arrest or of the filing of a charge, without proof that a conviction resulted, is incompetent. Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 6196. The minority view was taken in *Segerstrom* v. *Lawrence,* 64 Wash. 245, 116 P. 876, but that case was overruled in *Billington* v. *Schaal,* 42 Wash. 2d 878, 259 P. 2d 634.

The exclusionary rule is sound. The fact of arrest was not in itself a significant *act* for the jury to consider. It merely indicated the officer's belief at that time and thus corroborated his testimony that he thought Girard to have been drunk. It is, however, ordinarily improper for a witness's testimony to be reinforced by proof that he made the same statement upon some earlier occasion. *Rogers* v. *State,* 88 Ark. 451, 115 S. W. 156, 41 LRANS 857. There we held the admission of such bolstering testimony to be prejudicial.

Here the proof was especially objectionable, for our Uniform Act Regulating Traffic on Highways, Act 300 of 1937, provides that no record of a conviction under the act shall be admissible as evidence in a civil case. Ark. Stats. 1947, § 75-1012; *Garver* v. *Utyesonich,* 235 Ark. 33, 356 S. W. 2d 744. The appellees argue that the charge of drunken driving did not involve a violation of the Uniform Act, since the charge was lodged under a later statute, Act 208 of 1953. Ark. Stats., § 75-1027. The latter act, however, was in substance an amendment and restatement of § 49 of the Uniform Act, and consequently the later statute should properly be treated as falling within the purview of the general provisions of the Uniform Act. Since the

record of a conviction under the act is inadmissible there is still less reason for admitting proof of a mere charge.

We cannot say with confidence that the inadmissible evidence was not prejudicial. The jurors may well have supposed that the placing of the charge was an indication of its truth, in the absence of an affirmative showing by Girard that he was not convicted. If he really was convicted, as appears to have been the case, then he was powerless to rebut the jury's inference, and proof of the mere charge was just as damaging as proof of the conviction would have been.

We do not agree with the trial court's conclusion that the inadmissible testimony was invited by Girard's attorney, who conceded in his opening statement to the jury that his client had consumed three or four bottles of beer before the accident. Inasmuch as proof that Girard had been drinking was undoubtedly admissible, we fail to see why counsel's reference to that proof should be considered as an invitation for the use of incompetent and prejudicial evidence.

Reversed.