ARK. STATE HIGHWAY COMM. *v.* MASSENGALE.

5-3397 . 386 S. W. 2d 710

Opinion delivered February 8, 1965.

[Rehearing denied March 8, 1965.]

*Mark E. Woolsey, Don Gillaspie* and *Don Langston,* for apellant.

*Sexton & Robinson* for appellee.

JIM JOHNSON, Associate Justice. This is an eminent domain proceeding. Appellant Arkansas State Highway Commission filed a condemnation petition in Johnson Circuit Court on October 3, 1963, seeking to condemn 11.84 acres of land belonging to appellees Arkie Massengale and Delsie Massengale, his wife. The land condemned as part of the right of way of Interstate Highway 40 completely bisects appellees' property, isolating 40 acres of improved property north of the highway from 132 acres of pasture and water supply to the south. As estimated just compensation the Commission deposited the sum of $13,700 into the registry of the court, which

was withdrawn by appellees on December 3, 1963, after denial of their motion to increase the deposit. Trial was commenced on February 12, 1964, and the jury returned a verdict of $25,000 for appellees. From judgment on the verdict appellant has prosecuted this appeal.

For reversal appellant contends, first, that the trial court erred when it refused to permit appellant to cross examine the landowner relative to the assessed valuation of his property for tax purposes.

We do not reach the merits of this question. After the court sustained appellees' objection to cross examination on the assessed valuation of his property, appellant made no offer of proof and thus failed to properly preserve the record on this point. *Montgomery County* v. *Cearley,* 192 Ark. 868, 95 S. W. 2d 554.

Appellant's second contention is worthy of far more consideration and concern. It is: "the trial court committed reversible error when it permitted testimony relative to brokerage commissions, abstract costs and deed fees."

This court has consistently adhered to the rule that, "The true measure of damages is the difference between the market value of the whole tract before the taking and the market value of what remains to him after such taking," *St. Louis, Arkansas & Texas Railroad* v. *Anderson,* 39 Ark. 167, and has allowed a wide range of factors to be considered in determining fair market value. *Ark. State Highway Comm* v. *Carpenter,* 237 Ark. 46, 371 S. W. 2d 535. While we are not prepared, on the record here presented, to say that it is improper to ask an appraiser if he considered selling expenses in making his overall appraisal, we find no justification for allowing such selling costs, *i.e.* brokerage commissions, abstract costs and deed fees, to be introduced as separate items of the landowner's damage. The highest testimony admitted on selling expenses amounted to $3,710.00. Admission of this testimony was patently erroneous.

The judgment of the trial court is therefore affirmed upon condition that a remittitur in the sum of $3,710.00

be entered within seventeen calendar days; otherwise the judgment will be reversed and the cause remanded for a new trial.