Ark. La. Gas Co. *v.* Howard

5-3796                                   400 S. W. 2d 488

Opinion delivered March 21, 1966

*Cole & Scott,* for appellant.

*Wootton, Land & Matthews,* for appellee.

Jim Johnson, Justice. This is a condemnation suit for a gas pipeline right of way.

Appellant Arkansas Louisiana Gas Company filed a condemnation complaint on August 23, 1963, in Garland Circuit Court against appellees Harry B. Howard and his wife. Appellees own a 72-acre tract along or close to two highways, out of which appellant condemned 2.08 acres in a strip 50 feet wide by 1810 feet long, and 1.32 acres in a strip 40 feet wide by 1437 feet long, and deposited $700 into the registry of the court. Appellants by answer alleged the property taken was of the value of $3,500. The case was heard by the court sitting as a jury on April 8, 1965, and resulted in judgment for appellees, from which comes this appeal and cross-appeal.

The crux of the judgment reads as follows:

"The Court also finds that by reason of a contract arrangement previously entered into whereby a former pipeline crossed a portion of the lands, it was agreed that the additional sum of Five Hundred ($500.00) Dollars would be paid in the event a second pipeline is laid. The Court finds that a second pipeline was laid over a portion of the right-of-way previously used, designated as "Parcel No. 2" in the complaint and that as a result thereof, the defendants are entitled to a contract payment of Five Hundred ($500.00) Dollars, and that defendants are entitled to the additional sum of three Thousand ($3,000.00) Dollars for their damages.

"The Court makes no award to the defendants in reference to their claim for One Thousand Two Hundred ($1,200.00) Dollars claimed to be the expense of cleaning debris from land adjacent to the right-of-way."

For reversal appellant first urges that the court erred in awarding any damages due by contract. With this we agree. The suit does not sound in contract; although a contract was introduced into evidence, it was never mentioned in the pleadings. Thus there was here no foundation for such an award.

Appellant's principal point urged for reversal is that appellees failed to present any competent evidence to permit a proper determination of "just compensation" and the judgment awarded is excessive in that there is no substantial evidence to support it.

The testimony of appellees' value witnesses was based on a proposed subdivision of the affected property. This testimony was on before-and-after value of the "lots" in the proposed subdivision, which was only a part of appellees' property that appellant has traversed. The property had been mapped and surveyed as

a subdivision some years ago and several lots had been sold subsequent to the surveying. The lots sold, however, were conveyed by metes and bounds description without reference to the plat, which was never recorded. In the light of our opinion in *Arkansas Louisiana Gas Co.* v. *Lawrence,* 239 Ark. 365, 389 S. W. 2d 431 decided a few weeks after trial of the case at bar, we are forced to the conclusion that appellees' subdivision was not *in esse* at the time of the taking, thereby rendering appellees' value testimony incompetent. While appellees have every right to establish the highest and best use of their property, the settled rule is that the true measure of damages for property taken by eminent domain is the difference between the fair market value of the whole tract before the taking and the fair market value of what remains after the taking. *Ark. State Highway Comm.* v. *Massengale,* 238 Ark. 1072, 386 S. W. 2d 710; *St. Louis, A. & T. R.* v. *Anderson,* 39 Ark. 167.

Appellees have cross-appealed, urging that the court erred in failing to render judgment in favor of appellees in the amount of $1,200 representing the cost of removing debris pushed upon adjoining land.

We have been cited no authority on this question. While it would seem that the cost of removing debris from the easement itself would be an element to be considered in arriving at the after-value, testimony on cost of removal of debris left on appellees' adjoining land might be subject to a similar objection as that raised in the first point argued by appellant, our research indicating this damage appears to arise from a tort, trespass to land. Owing to a reversal of this case on direct appeal, we leave the question urged on cross-appeal open for proper development on retrial.

Reversed and remanded for new trial.