ARK. STATE HIGHWAY COMMISSION *v.* PARKS

5-3851                                        401 S. W. 2d 732

Opinion delivered April 25, 1966

*George Green* and *Don Langston,* for appellant.

*Howell, Price & Worsham* and *Clark, Clark & Clark,* for appellee.

GEORGE ROSE SMITH, Justice. This is an eminent domain proceeding in which the Highway Commission is taking, for a highway right-of-way, 10.89 acres of a 41-acre tract and 8.09 acres of an 84-acre tract. The jury awarded the owners $8,000 for one taking and $6,000 for the other. The verdicts were somewhat smaller than the landowners' claims but more than double the

amounts deposited in court by the Commission as the estimated value of the lands being acquired. For reversal the appellant insists that it was prejudiced by the introduction of incompetent evidence.

Morris High, an expert witness, on direct examination gave his opinion about the value of the lands. On cross examination counsel for the condemnor elicited from the witness an admission that in reaching his conclusion he had considered the number and value of the lots that could be created if the tracts were platted and dedicated as residential subdivisions (which had not been done). Inasmuch as that method of evaluation is not one that may properly be submitted to the jury, it is now contended that the court should have sustained counsel's motion to strike the witness's testimony. This is the argument we rejected in *Arkansas State Highway Comm.* v. *Russell,* 240 Ark. 21, 398 S. W. 2d 201 (1966), in an opinion handed down after the trial of the case at bar. We need not repeat our discussion.

The Commission's second point is that the court erred in permitting the landowners to introduce a plat of Earl's Lakeside Subdivision. That subdivision is an undeveloped tract lying near the appellees' property. Counsel for the landowners, in offering the plat, stated that they wanted to show how many lots could be carved from their clients' lands. The court instructed the jury that the plat was admitted for that purpose. Earlier there had been proof that lots in Earl's Lakeside Subdivision were selling for $900 each, but the court later directed the jury not to consider that testimony.

We think the court erred in allowing the plat to be introduced. When the land being condemned has not itself been dedicated as a subdivision it is reversible error for the trial court to allow the property owners to exhibit to the jury a plat showing how the land could be laid off in lots and blocks. *Arkansas State Highway Commn.* v. *Watkins,* 229 Ark. 27, 313 S. W. 2d 86 (1958). Such a projected plat is misleading to the jury in that

it does not take into account the various expenses for streets, utilities, and similar improvements that could not be explained to the jury without bringing a host of collateral issues into the case.

There is even less reason for allowing the landowner to reinforce his demand by showing how a wholly different piece of property has been subdivided. The two tracts directly involved in this case have not been platted. They are still raw acreage in a locality where, according to the proof, there is much other land also available for residential use. For that matter, Earl's Lake Subdivision exists more on paper than in reality. A few lots may have been sold, but there is no indication that actual development is in progress. To the contrary, the testimony and the photographs portray it as undeveloped acreage similar in all material respects to the tracts owned by the appellees. Under the *Watkins* case the landowners could not have tempted the jury to speculate upon the potential value of their land by proving how it could be subdivided. We cannot, consistently with the *Watkins* opinion, permit the appellees to achieve the same end by showing how a different piece of land has been platted.

We cannot say with confidence that the error was not prejudicial. Witnesses for the Commission fixed the landowners' damages at sums greatly below the verdict. There is no proof that any other comparable land in the immediate vicinity has brought a price approaching the plane of values reflected by the jury's verdict. It is certainly possible that the jury arrived at an inflated appraisal of the landowners' damages by giving weight to the inadmissible plat of the neighboring subdivision. Our rule is that error is assumed to be prejudicial unless we can say with assurance that it is harmless. *Girard* v. *Kuklinski*, 235 Ark. 337, 360 S. W. 2d 115 (1962). Here the presumption of prejudice has not been overcome.

Reversed.

AMSLER, J., not participating.

WARD, J., dissents.

PAUL WARD, Justice, dissenting. In my opinion it was not reversible error for the trial court to allow the "plat" to be introduced *solely* for the purpose of showing the *number* of lots that *could* be carved from subject land. Certainly the land owner would have been permitted to give that information to the jury had he known it.

If the witness had been allowed to go further and testify as to the *value* of the lots (shown on the plat) that, unquestionably, would have constituted reversible error, as was held in the *Watkins* case. Such is not the situation in this case since (as stated in the original opinion) the court directed the jury not to consider such testimony.

As I read the *Watkins* case the decision does not rest on the wrongful introduction of the plat, but on the introduction of value testimony.