ARKANSAS LOUISIANA GAS COMPANY *v.* KATHERINE E. BURKLEY, ET AL

5-4103                                           416 S. W. 2d 263

Opinion delivered May 22, 1967
[Rehearing denied July 26, 1967.]

*Douglas Bradley* and *Robinson, Thornton, McCloy & Young,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellees.

*Oscar Fendler, amicus curiae.*

JAMES W. CHESNUTT, Special Justice. This is an eminent domain proceeding for the condemnation of an easement for a pipeline right-of-way eighty feet in width across lands owned by Appellees. The area involved consisted of 7.1 acres.

The Appellees, in their Answers, asked damages for the lands actually taken based on the value of the fee, together with damages to the remaining lands owned by Appellees. At the trial Appellees waived any right to severance damages and the case was presented to the jury only on the issue of damages for the taking of the pipeline right-of-way.

Appellees presented evidence that the value of the lands taken was $1,000.00 an acre. Two witnesses for the Appellant testified respectively that the lands had a value of $800.00 an acre and $780.00 an acre. Both of Appellant's witnesses testified that the lands would be worth as much after the installation of the pipeline as they were before the taking.

The parties stipulated that the right-of-way easement condemned was for underground pipelines and that Appellees would have full use and control of the surface of the easement, subject to the right of Appellant to use the surface to service, repair, and lay its underground pipelines, and further stipulated that in the event of future use of the surface of the easement by Appellant, it would pay crop damage and leave the land in the same condition it was in before future repair or construction.

At Appellees' request, the Court gave the following instruction on measure of damages:

"Under the law of this State the owner of land is entitled to be paid the full value of the land embraced within the right-of-way easement as if a fee

had been taken, even though the landowner, after the pipeline has been constructed, has the right to continue using the surface of the right-of-way for farming or other purposes not inconsistent with the use of the easement. The Gas Company acquired by the condemnation proceedings herein the power to make such use of the right-of-way as to future needs required for the purpose for which the right-of-way was condemned.

The landowners herein have not complained of nor are they asking to be compensated for any damage to the remainder of the lands not included in the right-of-way easement. Therefore, you have only one element of damage to consider, which is the market value of the strip of land which was actually taken as an easement right-of-way.''

The Appellant objected to the giving of this instruction and insisted that the proper measure of damages was the difference between the value of the entire tract immediately before and immediately after the partial taking.

The Appellant offered the following instruction, which was refused by the Court.

''You are instructed that it is your duty to assess the damage, if any, to the property of Katherine E. Burkley, and you will fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damage sustained by reason of the plaintiff's pipeline crossing the real property described in this litigation:

1. The difference in the fair market value of the entire tract of land immediately before and immediately after the laying of plaintiff's pipeline across the said real property.

Whether this element of damage has been proved

by the evidence is for you to determine."

The jury returned a verdict. for Appellees in the sum of $5,680.00. The jury obviously accepted the $800.00 an acre valuation placed on the land by one of Appellant's witnesses and multiplied this sum by the 7.1 acres condemned.

The sole issue presented on this appeal is whether the trial court was correct in instructing the jury that the landowners were entitled to the full value of the land embraced within the right-of-way easement as if fee had been taken, or whether the court should have applied the familiar "Before and After" Rule as to measure of damages.

In *Lazenby* v. *Arkansas State Highway Commission*, 231 Ark. 601, 331 S. W. 2d 705, we said:

"Since Appellant was only seeking to recover the value of the land actually taken, it was proper to show the market value per acre. This having been done, it was only necessary to multiply that amount by the number of acres taken. There is a long line of cases in support of this rule."

See *Little Rock & Fort Smith Railway Company* v. *McGehee*, 41 Ark. 202; *Little Rock Junction Railway* v. *Woodruff*, 49 Ark. 381, 5 S. W. 792; *Fort Smith and Van Buren District* v. *Scott*, 103 Ark. 405, 147 S. W. 441; *Drainage District No. 11* v. *Stacey*, 127 Ark. 549, 192 S. W. 904; *Baucum* v. *Arkansas Power & Light Company*, 179 Ark. 154, 15 S. W. 2d 399; and *Yonts* v. *Public Service Company of Arkansas*, 179 Ark. 695, 17 S. W. 2d 886.

In only one of the cases cited above—*Baucum* v. *Arkansas Power & Light Company*, Supra—did the Court mention the "Before and After" Rule, and then only in connection with the landowner's claim for severance damages in addition to damages for the right-of-way actually taken.

We believe that it is proper to determine the value of the land taken by determining the market value of the land actually taken when, as in this case, no claim is made for severance damages to the remainder of the land. This determination can be made by determining the value per acre and multiplying by the number of acres taken.

This view is particularly applicable to takings by private corporations in light of Article 12, Section 9 of the Arkansas Constitution of 1874, providing that compensation for such takings shall be determined irrespective of any benefit from any improvement proposed by such corporation.

The Appellant further contends that the "Before and After" Rule must be applied in this case because the Appellant is taking only an easement, and the Appellees will retain the right to cultivate the surface of the ground after the pipeline is installed and should not be awarded the full value of the fee.

In *Baucum* v. *Arkansas Power & Light Company,* Supra, a case involving an electric transmission line, this Court, quoting with approval *Kentucky Tennessee Light & Power Company* v. *Beard,* 152 Tenn. 348, 277 S. E. 889, held:

> "Where an electric light and power company, in condemnation proceedings, acquired a permanent easement across the land of another, it became liable for the full value of the right-of-way as if the fee had been taken. And the fact that the owner was given the permissive use of the right-of-way could not be considered in reduction of the sum to be allowed as compensation."

In *Texas Illinois Natural Gas Pipeline Company* v. *Lawhon,* 220 Ark. 932, 251 S. W. 2d 477, a case involving a pipeline easement, this Court reaffirmed *Baucum* and said:

"Under the law of this State, the owner of land is entitled to be paid the full value of the land embraced within the right-of-way easement, as if the fee had been taken, even though the landowner, after the pipeline was constructed, had the right to continue using the surface of the right-of-way for farming or other purposes not inconsistent with the use of the easement. Appellant acquired by the condemnation proceedings the power to make such use of the right-of-way as its future needs required for the purpose for which the right-of-way was condemned."

The instruction given by the trial court in this case was taken almost verbatim from the Lawhon case.

The rule of the Baucum case was also followed in Arkansas Power & Light Company v. Morris, 221 Ark. 576, 254 S. W. 2d 684, another electric transmission line case, and in State ex rel Publicity and Parks Commission v. Earl, 233 Ark. 338, 345 S. W. 2d 20, a case involving easements across lands adjacent to an airport.

Appellant relies upon Arkansas Louisiana Gas Company v. Howard, 240 Ark. 511, 400 S. W. 2d 488, in which the "Before and After" Rule is mentioned as the true measure of damages for property taken by eminent domain. This case was reversed on other grounds and did not overrule Baucum and the other cases cited above.

The rule established in Baucum, that the landowner is entitled to receive full value of the fee for an easement of this type, tends to eliminate future litigation over damages sustained by reason of future additional construction on the easement, and should be sustained.

Affirmed.

FOGLEMAN, J., disqualified.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief. Justice, dissenting.. I respectfully dissent from the holding of the majority, my views being based on this court's rulings in *Feibelman v. Trunkline Gas. Company*, 234 Ark. 276, 351 S. W. 2d 447 (1961), and *Ark-La Gas Company* v. *Howard*, 240 Ark. 511, 400 S. W. 2d 488 (1966).

I would reverse and remand.