ARKANSAS LOUISIANA GAS COMPANY
v. LILLIAN HOWELL ET AL

5-4440                                    423 S. W. 2d 867

Opinion delivered February 12, 1968

*Douglas Bradley*, for appellant.

*Kirsch, Cathey & Brown*, for appellees.

Conley Byrd, Justice. From a jury award of $4,278 as the just compensation due appellees Lillian and Nettie Howell for the taking of a 2.5-acre tract along the east side of 119 acres owned by them adjacent to the city of Paragould, appellant Arkansas Louisiana Gas Company brings this appeal, alleging as reversible error the following points:

I. The court erred in admitting unrecorded plats into evidence, and other instruments referring to an unrecorded plat.

II. The court erred in not permitting a continuance on appellant's plea of surprise, or permitting the pleadings to be amended to conform with the proof.

III. The court erred by permitting speculative arbitrary and fictitious testimony with reference to damage, and by failing to strike the testimony of witness Dennis Y. Jarrett and Johnny A. Knight except for lands within right-of-way.

IV. The court instructed the jury erroneously as to the measure of damage to real property.

V. The verdict is excessive.

## I.

On the issue of the unrecorded plat, the testimony showed that appellees' 119 acres was south of and adjacent to the city of Paragould. A portion of the property was actually within the city limits. The northeast corner of their property abutted the southernmost terminus of Seventh Street, a north-south through street. Appellees contended that since the 2.5-acre easement took the portion of the property abutting the southernmost terminus of Seventh Street, a subdivider would have to make a 24-foot jog in Seventh Street to reach the property, and that as a result of this jog or access the 39.29 acres ready for residential subdivision was damaged. A portion of the property 241.2 feet east and west by 135 feet north and south had been sold prior to the eminent domain action by a metes and bounds description with this addendum:

"... which property is also described as Lots 1, 2 and 3 of Block A of Howell's Second Addition according to an unrecorded plat of Howell's Second Addition, which Plat was prepared by Knight Laird and dated December, 1963."

The unrecorded plat introduced into evidence is totally irrelevant to any of the issues involved. All the witnesses recognized that the portion of the property covered by the plat was suitable and ready for residential subdivision. All testimony treated the area on an acreage basis for valuation purposes.

Appellant contends that under *Arkansas State Highway Comm'n* v. *Parks*, 240, Ark. 719, 401 S.W. 2d 732 (1966), the introduction of the unrecorded plat constituted reversible error. With this we are unable to agree, for the record fails to show how or by what means or even innuendo the plat was used to measure the property owners' damages. Since appellant's own

witnesses stated that the highest and best use of the land included in the plat was for residential subdivision, and no attempt was made to evaluate damages on a per lot basis instead of a raw acreage basis, we can find no prejudice in the admission of the unrecorded plat and consequently hold the admission thereof to be harmless error.

## II.

On the motion for continuance and the motion to amend the pleadings to conform to the proof, the record shows that the trial began on March 16, 1967, and that the testimony was concluded at 4:25 p. m., whereupon the court excused the jury until the next morning at 9:30. When court reconvened the next day, appellant made a motion for continuance to give it time to locate its franchise agreement with the city of Paragould, and a motion to amend the pleadings to conform to the proof, whereby appellant would release from the eminent domain action a portion of the property on which the transmission line had not been constructed. Of course both motions were addressed to the sound discretion of the trial court, *Norton & Wheeler Stave Co.* v. *Wright,* 194 Ark. 115. 106 S.W. 2d 178 (1937), and Ark. Stat. Ann § 27-1160 (Repl. 1962), and we are unable to find any abuse of such discretion here.

## III.

Appellant here contends that there is no substantial or proper evidence to sustain the damages assessed to the before and after value of the 39.29-acre tract. In particular, it stresses that witness Jarrett took 5 per cent from the before value to arrive at the after value. In this connection there is substantial evidence from which the jury could find that the access to the property had been impaired, and on the whole record we are unable to say that there was no reasonable basis for the witness's opinion as to the damages he assigned to the tract. The record shows no evidence of comparable sales with a similar impaired access.

## IV.

The objection here is to the court's instruction to the jury that the landowners were entitled to recover for the full market value of the 2.5 acres of land within the easement and in addition to recover damages, if any, to the remaining lands caused by the taking. In *Arkansas Louisiana Gas Co. v. Burkley*, 242 Ark. 662, 416 S. W. 2d 263 (1967), we pointed out that a corporation authorized to condemn land under our Constitution (article 12, § 9) is not entitled to deduct benefits to the landowner from the award to be given for the taking. Consequently, we hold that, when a private corporation takes property through the process of eminent domain, damages are properly awarded on the basis of the full fair market value for the easement taken, plus any damage occurring to the remainder of the property. Therefore it follows that the instruction of the court was proper.

## V.

It is contended that the jury's award was excessive. However, there is little discrepancy between the market values per acre for the 2.5-acre easement testified to by appellant's witnesses and those of the landowners. Actually, this argument gets back to the issue of whether or not the jog in the road constituted an impairment of the access, but as we have already indicated, this was an issue for the jury and we are unwilling to say that the verdict is excessive.

Affirmed.

HARRIS, C. J., and BROWN, J., dissent.

FOGLEMAN, J., disqualified.

CARLETON HARRIS, Chief Justice, dissenting. I think the court erred in permitting the unrecorded plat to be offered as evidence; in my opinion, it was not at all admissible, and I think that the jury, in its deliberations,

undoubtedly could not help but consider this plat. In *Arkansas Louisiana Gas Company* v. *Lawrence,* 239 Ark. 365, 389 S. W. 2d 431, this court reversed an award to the appellee, because of the introduction of an unauthenticated private plat. No subdivision existed, and we quoted from 32 C. J. S., Evidence, § 730, p. 1048, as follows:

"Generally, a map . . . must be accurate in order to warrant its admission, that is to say, the paper must correctly represent the situation as it existed at the time under consideration; and a diagram showing a hypothetical condition and not shown to represent any condition actually existing, . . . is not admissible."

It is argued by appellees that, because a subdivision plat had been prepared in 1963, and a portion of the area had been deeded by metes and bounds to another party, the subdivision map was admissible, even though not recorded.

The evidence reflects that, at the time of trial, a good part of appellees' lands was planted in wheat, and it seems to me that the introduction of the unrecorded subdivision plat had the effect of presenting to the jury a vision of what could be done with the land in the future. In other words, I think the introduction of the plat, for whatever reason it may have been introduced, allowed to jury to speculate.

In *Arkansas State Highway Commission* v. *Watkins,* 229 Ark. 27, 313 S. W. 2d 86, this court, quoting from Nichols, Eminent Domain, Third Edition, Chapter 12, Section 3142 (1), stated:

"It is well settled that if land is so situated that it is actually available for building purposes, its value for such purposes may be considered, even if it is used as a farm or is covered with brush or boulders. The measure of compensation *is not* (emphasis supplied) however, the aggregate of the prices of the lots into which

the tract could best be divided, since the expense of cleaning off and improving the land, laying out streets, dividing it into lots, advertising and selling the same, and holding it and paying taxes and interest until all the lots are disposed of cannot be ignored and it is too uncertain and conjectural to be computed.''

Further, quoting from the Louisiana case of *Louisiana Railway and Navigation Company* v. *Baton Rouge Brickyard*, 67 So. 922, we added:

''At the time of the institution of this suit the tract in question had not been subdivided, and the question before the jury was as to the market value as a whole, considering all the uses to which it was adapted. The value of the tract for town lot purposes was one of the factors to be considered, but what the owner or purchaser might realize by a subsequent subdivision of the property and sale of lots partakes too much of the character of speculation to serve as a basis of valuation at the date of the institution of the present suit.''

Again, in the same opinion, quoting from *City of Philadelphia* v. *United States*, 53 Fed. Supp. 492, we held:

''Equally improper is evidence showing how many building lots the tract under consideration could be divided into, and what such lots would be worth separately. It is proper to inquire what the tract is worth, having in view the purposes for which it is best adapted; but it is the tract, and not the lots into which it might be divided, that is to be valued.''

Less than two years ago, in the case of *Arkansas State Highway Commission* v. *Parks*, 240 Ark. 719, 401 S. W. 2d 732, we likewise stated:

''We think the court erred in allowing the plat to be introduced. When the land being condemned has not itself been dedicated as a subdivision it is reversible

error for the trial court to allow the property owners to exhibit to the jury a plat showing how the land could be laid off in lots and blocks. [Citing case.] Such a projected plat is misleading to the jury in that it does not take into account the various expenses for streets, utilities, and similar improvements that could not be explained to the jury without bringing a host of collateral issues into the case."

The majority say, ''The unrecorded plat introduced into evidence is totally irrelevant to any of the issues involved.'' I agree with this statement, which is all the more reason why I feel that the case should be reversed, *i. e.*, it had no proper place in the litigation, and could only have served to prejudice the rights of appellant.

I respectfully dissent.

I am authorized to state that Brown, J., joins in this dissent.