## HOUSING AUTHORITY of The City of Camden
### *v.* John R. REEVES, Jr. et al

5-4557                                    427 S. W. 2d 196

Opinion delivered May 6, 1968

*Streett & Plunkett*, for appellant.

*Gaughan & Laney*, for appellees.

George Rose Smith, Justice. This is an action brought by the Camden Housing Authority to condemn 6.236 acres of a 73-acre tract owned by the Reeves family, in Camden. The jury fixed the value of the property being taken at $38,000. The Authority's single point for reversal is the court's asserted error in allowing the

landowners to introduce an unrecorded plat showing the 73-acre tract as a residential subdivision consisting of public streets and blocks divided into lots.

In recent years we have had several cases involving the admissibility of similar plats, some of which depicted subdivisions that existed only on paper. The cases are not out of harmony with one another; the difficulty is that of applying the law to varying fact situations.

We have consistently held that such a lot-and-block plat is not admissible when the subdivision has really not yet come into existence. The reason for the exclusionary rule is that such an exhibit is apt to mislead the jury into valuing the property as consisting of so many lots, without adequately considering necessary development expenses such as the construction of streets and utility lines, which could not be properly explained to the jury without bringing a host of collateral issues into the case. *Arkansas State Highway Comm.* v. *Parks,* 240 Ark. 719, 401 S. W. 2d 732 (1966). In several of the cases relied upon by the Housing Authority, the subdivision portrayed by the plat was not beyond the planning stage, so that the admission of the plat was fairly sure to mislead the jury. That point was discussed in detail in *Arkansas State Highway Comm.* v. *Watkins,* 229 Ark. 27, 313 S. W. 2d 86 (1958), where it was admitted that the land had not been developed at all as a subdivision. Similar non-existent subdivisions were involved in *Arkansas Louisiana Gas Co.* v. *Howard,* 240 Ark. 511, 400 S. W. 2d 488 (1966), and *Arkansas Louisiana Gas Co.* v. *Lawrence,* 239 Ark. 365, 389 S. W. 2d 431 (1965). Such an exhibit is especially misleading when, as in the *Watkins* case, it is accompanied by testimony about the value of the fictitious lots.

On the other hand, an unrecorded plat may be admissible when the subdivision is not merely imaginary. In *Arkansas State Highway Comm.* v. *O. & B.,* 227

Ark. 739, 301 S. W. 2d 5 (1957), the land had not been dedicated as a subdivision, but it was surrounded by well developed sections of the city of Jacksonville. The testimony proved that its best use was for the development of residential lots. We upheld the admission of a plat showing the land divided into lots and blocks. There the court appropriately cautioned the jury against trying to determine how the land might best be divided into building lots or at what price the lots might be sold. In the case at bar a similar cautionary instruction would have been proper, but the Housing Authority made no clear-cut request for such an admonition to the jury.

The facts in *Arkansas State Highway Comm.* v. *Witkowski*, 236 Ark. 66, 364 S. W. 2d 309 (1963), were very much like those now before us. There the subdivision was not shown to have yet been dedicated, but its proprietors had succeeded in bringing in improvements such as a road and gas and water lines. In sustaining the admissibility of two exhibits that showed the tracts subdivided into lots and blocks we used language that seems to have been used as a guide by these appellees:

> "It is undisputed that the highest and best use of the property in question is for residential purposes. These exhibits were offered and admitted in evidence only for the limited purpose of showing the highest and best use of the property as being for residential purposes and for the further purpose of showing the improvements existing thereon [gas and water lines and gravel road] some several months before the taking by the appellant. This evidence could not result in conjecture or speculation by the jury as to market value to the prejudice of appellant. *Ark. State Highway Comm.* v. *O. & B. Inc.,* 227 Ark. 739, 301 S. W. 2d 5.

> "Appellant urges that the exhibits are inadmissible as evidence in view of our ruling in *Arkansas State*

*Highway Comm.* v. *Watkins*, 229 Ark. 27, 313 S. W. 2d 86. The facts in that case, on this point, are quite different. There testimony was admitted as to the number and value per lot of the property. It is true that witnesses in the case at bar testified they considered the value of other lots in the area; however, there was no testimony as to the value per lot of the subject property. The testimony, as to value, was on a raw acreage basis of the tract. Thus, we hold that the court was correct in admitting appellees' Exhibits A and B under the facts in this case."

In the case at bar the 73-acre tract has been owned by the Reeveses for more than fifty years. In 1952 or 1953 Bob Reeves, a graduate engineer, surveyed the land, laid it out in lots and blocks, and built a home on one lot. Later on two more homes were constructed on lots sold to others. The Reeveses, pursuant to a plan to develop the subdivision over a period of years, had paved, curbed, and guttered two streets and had laid about 1,900 feet of water lines, 1,500 feet of sewer mains, and almost 3,000 feet of gas lines before the Housing Authority brought this action. By that time about a third of the property had access to streets and utilities.

The plat that was introduced in evidence showed the improvements we have mentioned, the contours of the land, the streets not yet developed, and the proposed division of the tract into lots and blocks. It also showed how the whole tract was almost cut in two by the Housing Authority's condemnation of the 6.236 acres now in question. The landowners confined their proof to the value of the tract as a whole, carefully avoiding any reference to the value of individual lots. Thus it will be seen that the facts are so similar to those in the *Witkowski* case that it would be hard to draw a logically controlling distinction between the two.

The Housing Authority's principal argument is

that the paved streets, houses, and utility lines could have been shown without the inclusion of the lots and blocks. No doubt that statement is true, but it does not follow that the plat in dispute was therefore inadmissible. The same argument could certainly have been made in the *O. & B.* and *Witkowski* cases, *supra.* Here the Reeves subdivision had progressed beyond the planning stage and into the process of actual physical development on the land. The question is, Had that development progressed to such a point that a lot-and-block plat of the area could be shown to the jury without being misleading? When it is borne in mind that every pertinent fact could have been brought out on cross-examination of the landowners' witnesses and that the court might have been asked to give cautionary instructions like those in the *O. & B.* case, we are not willing to say that the court committed reversible error in allowing the introduction of an exhibit that was unquestionably of value both to counsel and to the jury in the interpretation of the testimony.

Affirmed.