ARKANSAS STATE HIGHWAY COMM'N *v.*
FRANK FOUGEROUSSE ET UX

5-5221                                    451 S. W. 2d 459

Opinion delivered March 23, 1970

*Thomas. B. Keys* and *George Green,* for appellant

*George J. Cambiano,* for appellee.

CARLETON HARRIS, Chief Justice. This is a highway condemnation case. The State Highway Commission condemned 4.89 acres from approximately 149 acres of land belonging to appellees Frank Fougerousse and Mary Anne Fougerousse. This acreage was taken from the northeast corner of the farm, leaving a remainder of .47 acres in the northeast corner, leaving 61.53 acres of croplands south of the tract acquired by condemnation, and an additional 82.11 acres also lying south of the area and south of Point Remove Creek. On trial, Forrest Griswood, a witness on behalf of appellees, testified that damages were $4,089.00. Mr. Fougerousse testified to total damages of $6,730.00. The jury returned a verdict of $6,000.00 in favor of appellees, and from the judgment so entered, appellant brings this ap-

peal. For reversal, only one point is asserted, *viz.*, that the trial court erred in permitting Mr. Fougerousse to testify to the amount of an estimate by a contractor as to the cost of building necessary ramps, after the taking, for access to a portion of the remaining land.

Mr. Fougerousse testified as to the necessity for the two ramps, and stated that he had had an estimate made by Mr. J. C. Norwood, a contractor, to ascertain what it would cost to construct the ramps. He said that he had been given a figure, and when he started to testify to this amount, the attorney for the Highway Department objected, saying:

"If the Court please, we object to his answer. I have no idea what it will be, but we admit that it costs money to construct ramps, but Mr. Norwood, if he gave the estimate, would be the person. I would like to have the opportunity to cross-examine him, if we are going to hear his testimony."

Fougerousse reiterated that he "just asked him what he would charge to build the ramps," and the court permitted the witness to answer, overruling appellant's objection. Fougerousse then stated that the figure given was $1,460.00. This was, of course, hearsay evidence, and an almost identical situation arose in *Arkansas State Highway Commission* v. *Carruthers,* (April 7, 1969), 439 S. W. 2d 40. There, we said:

"We agree that there is merit in appellant's first contention. During examination of Mr. Carruthers, he was asked if he would have any problem getting to a certain portion of his land, and he replied that he would not, if he could construct a bridge across a canal. The witness was then asked if he knew what that would cost, and he replied, 'I am not familiar with the building of roads. I have an estimate from a contractor.' He then said that he asked the contractor what it would cost to build the bridge, and received a reply. Counsel for the department objected to the use of the estimate, or to any testimony to be given on the basis of

same, stating, 'That is hearsay testimony. He has no personal knowledge, it is what someone else told him.' Over these objections, the court permitted Carruthers to testify, and the witness stated, 'I believe it was $24,-300.00 or $24,400.00.'

We held that the ruling of the court constituted error, and reversed the judgment.

Appellees argue that there can be no prejudice even if the answer was inadmissible, because Mr. Griswood had already, without objection, testified that the construction of the ramps, according to Mr. Norwood, would be $970.00; that the purpose of the testimony from Fougerousse was to show the difference in the cost of constructing the ramps where the dirt would be taken from Fougerousse's land, and where the dirt would be obtained elsewhere. The mere fact that no objection was made to Norwood's incompetent testimony does not make Mr. Fougerousse's incompetent testimony admissible. Even had the same identical figure been given, the evidence was inadmissible, for we cannot know just what evidence the jury considered. It is possible that they might not have accepted Griswood's testimony but did accept Fougerousse's. Of course, it is possible that they did not pay any attention to this evidence by either witness, but we have held that where error is committed, it is assumed to be prejudicial unless we can say with assurance that it is harmless. *Arkansas State Highway Commission* v. *Parks,* 240 Ark. 719, 401 S. W. 2d 732. We can make no such finding in this case.

We hold that the court erred in permitting Mr. Fougerousse to answer the question. However, the figure of $1,460.00 is a separable item of damages, and as pointed out in *Swenson and Monroe* v. *Hampton,* 244 Ark. 104, 424 S. W. 2d 165, when the only error relates to a separable item of damages, a new trial can sometimes be avoided by the entry of a remittitur. Here, the most that this testimony could have contributed to the $6,-000.00 judgment was the sum of $1,460.00. Therefore, if appellees wish to remit that amount within 17 days,

the rest of the judgment will be affirmed. Otherwise, the case must be remanded for a new trial.