ARKANSAS STATE HIGHWAY COMMISSION v. JOAN SPENCE, ADMINISTRATRIX OF THE ESTATE OF CARL SCHMOLL, DECEASED, ET AL

73-31                                    494 S.W. 2d 469

Opinion delivered May 7, 1973
[Rehearing denied June 11, 1973.]

*Thomas B. Keys* and *Billy Pease,* for appellant.

*Williams & Gardner,* for appellees.

FRANK HOLT, Justice. In this land condemnation case a jury returned a $22,500 verdict for appellee against the appellant as just compensation for the 84.52 acres appellant condemned for interstate highway construction and a roadside park.

We agree with the appellant's two assertions of errors regarding the value testimony of appellee's expert value witness, Robert Darr; first, that the court erred in not striking the value testimony of this witness because he used small lot sales to establish the value of the large tract of land taken which contained raw acreage; second, that land values on a portion of the condemned tract were "based in part on what it would cost to engineer a large tract into small residential lots."

Darr, admittedly an expert, testified that his before the taking value was based in part upon a $700 per acre valuation of 82 acres of the tract which he considered to be suitable for residential development. It appears that the basis for this $700 per acre value is the major concern of appellant in this appeal. Darr's opinion as to the difference in the before and after the taking value, i.e. fair market value, of the property was $53,888.

In fairness to Darr, we observe that he testified he used other methods in valuing the condemned property. However, it appears that none of these methods were fully developed by him at trial except that of comparable sales as a basis. The sales utilized as comparisons were those of small lots as evidenced by the following testimony:

> "I do not find an actual comparable sale to a tract this size that would apply in this case. Therefore, I am utilizing the sale of smaller parcels, such as these half acre parcels \*\*\*\* which in effect would be $1500 per acre, if you wanted to take it across the board; but \*\*\*\* the land value could not be this much, in

my opinion, because the developer has to add many improvements, such as engineering costs, that would be absorbed by a portion of the $1500 per acre that he would receive from the development of the property. Therefore, my valuation of $700 an acre on the property."

In our recent opinion on this same litigation we pointed out the speculative nature of such evidence which uses the sales price of lots for comparable sales in arriving at the valuation of large tracts of raw ground. *Arkansas State Highway Commission* v. *Schmoll,* 248 Ark. 52, 449 S.W. 2d 938 (1970). Our holding on that issue has become the law of the case. *Riddell and McGraw* v. *Little, Adm'x,* 253 Ark. 686, 488 S.W. 2d 34. In the case at bar, nevertheless, the appellee adduced, through the testimony of Darr, as comparisons four of six sales of the same lots which were disapproved by our previous opinion as a basis for valuation of raw acreage.

In *Arkansas State Highway Commission* v. *Schmoll, supra,* we said:

"[I]t appears to us that appellee is using plot sales (comparable to the sales of finished lots) along existing roadways with other improvements and comparing the price paid for the acreage involved in those sales with his raw acreage for purposes of determining its value without taking into consideration the many variables such as demand; the cost of engineers; the installation of improvements, such as roads, water and sewer or septic tanks; and the numerous man hours and financing charges that go into the development of a residential area."

Darr did testify that he took into consideration such variable costs as "streets, engineering, surveys, legal expenses, abstracts, and various types of things." However, it is our observation that the following testimony on cross-examination reflects Darr's unfamiliarity with such variable costs:

"Q. All right. What would it cost to engineer this entire property as a subdivision?

A. I do not know what it would cost."

Therefore, we are of the opinion Darr's testimony is defective as being too speculative.

In reversing we are not unmindful of appellee's assertion that this appeal should be dismissed because of the appellant's failure to comply with our Rule 9 by not abstracting the testimony of other witnesses. However, in our view the appellant's abstract of only Darr's testimony is sufficient to understand the issue presented to this court. Furthermore, the presumption is that an error is prejudicial unless it affirmatively appears otherwise. *Arkansas State Highway Commission* v. *Roberts*, 246 Ark. 1216, 441 S.W. 2d 808 (1969), *Arkansas State Highway Commn.* v. *Parks*, 240 Ark. 719, 401 S.W. 2d 732 (1966). In the case at bar it is not demonstrated the incompetent evidence is nonprejudicial.

Reversed and remanded.

BROWN, J., not participating.