## OZARK GAS TRANSMISSION SYSTEM *v.* Delbert L. HILL and Ann HILL, and CITIZENS BANK OF LAVACA

CA 83-108                        664 S.W.2d 892

Court of Appeals of Arkansas
Division II
Opinion delivered February 29, 1984

*Bethell, Callaway, Robertson & Beasley*, by: *Donald P. Callaway*, for appellant.

*Douglas & Douglas*, by: *Troy R. Douglas*, for appellee.

JAMES R. COOPER, Judge. This is an eminent domain case. The appellant condemned a seventy foot right-of-way which encompassed 1.17 acres for the installation of a gas line, and .114 acre for a temporary construction easement. From a jury award finding just compensation to be $13,500.00 comes this appeal.

On appeal, the appellant argues that the trial court erred in permitting the landowner and his witnesses to testify as to damages incurred to the Hill's ten acre tract's

value as a subdivision. The landowner, appellee Delbert Hill, testified that he had intended to sell lots off his tract of land; that he believed he could have gotten $5,000.00 per lot; and that some of, if not all, of the planned lots were no longer marketable. The landowner's testimony as to value per acre, both before and after the taking, was based on his planned subdivision of the raw acreage. He did not testify as to his estimated costs to develop the property, but he stated that he thought he could do it "reasonable." Mr. Hill estimated the damage to the tract to be $18,000.00.

Mr. James Patterson, President of the Citizens Bank of Lavaca and Barling testified on behalf of the appellees. He testified that the highest and best use of the tract was as a small acreage subdivision. He had appraised the property for the bank at $18,000.00 and he valued it after the taking at $10,000.00. He testified that he was knowledgeable about subdivisions and the value of land in the vicinity, but admitted he had no comparable sales which formed the basis for his opinions as to value. His after value figure was apparently based on the belief that any kind of land was worth $1,000.00 per acre.

Mr. Lewis Ballard, an independent appraiser, prepared a detailed schedule showing the land cost per 2.5 acre lot, the development cost per lot, the estimated market price per lot after development, and the profit which he estimated at $14,400.00 before the easement and $2,799.00 after the easement, leaving a loss of $11,600.00. To that figure he added his estimate of the value of the .84 acre actually taken, which, when multiplied by his per acre figure, $2,000.00, equaled $1,680.00 totalling $13,280.00 as his estimate of the total damage caused by the easement. Mr. Ballard's estimates as to development costs were based on his experience as an appraiser, but that estimate did not take into account any real estate commissions or interest.

Mr. Q. A. Mabrey, a witness for the appellant, testified that in his opinion the highest and best use of the tract was for a rural homesite and acreage. He appraised the property at $1,500.00 per acre before the taking; that the highest and best use of the property had not changed; and that the

damage sustained as a result of the easement was $1,850.00 which represented 1.23 acres (the total land taken, both temporarily and permanently) times $1,500.00 per acre. He found no damage to the remaining land.

The Hills had taken no steps to subdivide their 10 acres. The property had not been surveyed for a subdivision, no plot had been prepared, no lots had been sold or offered for sale, nor was there any evidence of any other steps having been taken to create a subdivision. The testimony of Mr. Hill, Mr. Patterson, and Mr. Ballard, is precisely the type of testimony, based on a mythical subdivision, which has been held speculative and based on conjecture by the Arkansas Supreme Court. In *Ark. State Highway Comm. v. Watkins,* 229 Ark. 27, 313 S.W.2d 86 (1958), the Court quoted with approval the following language from *City of Philadelphia v. United States,* 53 Fed. Supp. 492 (1943):

> "Equally improper is evidence showing how many building lots the tract under consideration could be divided into, and what such lots would be worth separately. It is proper to inquire what the tract is worth, having in view the purposes for which it is best adapted; but it is the tract, and not the lots into which it might be divided, that is to be valued."

*See also Arkla Gas v. Howard,* 240 Ark. 511, 400 S.W.2d 488 (1966).

The appellee argues that the witnesses were only testifying as to the value of the entire tract, considering its highest and best use as a subdivision. It is difficult to discern the basis for Mr. Patterson's after value, but it is obvious to us that both Mr. Hill and Mr. Ballard based their estimates of damage on the loss of potential lots in a non-existent subdivision. It is true, as appellee asserts, that the landowner may show all the advantages his property possesses, and that is what proper testimony by witnesses would accomplish, since both Mr. Hill and Mr. Ballard could have testified as to the value of the entire tract, considering its suitability for a subdivision rather than a rural homestead. Therefore, because the testimony of Mr. Hill and Mr. Ballard should

have been stricken, we reverse and remand for a new trial.

The appellant also argues that the trial court erred in rulings concerning the admissibility of evidence concerning special damages, *i.e.* damages to a pond. This issue is tied to the trial court's refusal to grant a continuance so that the contrator, who had agreed to indemnify the appellant for damages arising from its negligence, could be joined as a party to the suit. Since the case is being remanded for a new trial, we find it unnecessary to address this point.

Finally, the appellant argues that the trial court erred in its instruction to the jury regarding the measure of damages. The appellant argues that, since the taking was by an entity authorized to condemn land by federal law [under the Federal Energy Regulatory Commission, pursuant to 15 U.S.C. 717f(h) (1976)], the measure of damages should be the federal standard, that is, the difference in the fair market value of the land with and without the easement. Nichols on *Eminent Domain*, Vol. 4, § 12.41.[2].

We disagree. The measure of damages in Arkansas in a utility easement case is well settled. The landowner may recover compensation for the full market value of the land taken for the easement, plus the damage, if any, to the remainder. *Arkla Gas Co.* v. *Howell,* 244 Ark. 86, 423 S.W.2d 867 (1968). As stated in *Ozark Gas Transmission Systems* v. *Barclay,* 10 Ark. App. 152, 662 S.W.2d 188 (1983).

> We find nothing in the language of this enactment which requires in either court the application of rules of substantive law differing from those in similar proceedings under State law. . . .

We reverse and remand for a new trial.

Reversed and remanded.

MAYFIELD, C.J., and CRACRAFT, J., agree.