Charles H. CRAMER and Leslie L. Cramer *v.* ARKANSAS OKLAHOMA GAS CORPORATION

93-1049                                                872 S.W.2d 390

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *James A. Arnold II* and *Gill A. Rogers*, for appellants.

*Daily, West Core, Coffman & Canfield*, by: *Michael C. Carter*, for appellee.

DAVID NEWBERN, Justice. The issue in this appeal is whether a complaint stated a claim upon which relief could be granted. Ark. R. Civ. P. 12(b)(6). The complaint alleged that Arkansas Oklahoma Gas Corporation (AOG) negligently caused

injury to trees in the process of constructing a gas pipeline on property it had taken through eminent domain proceedings for the purpose of constructing a pipeline. We hold the complaint was properly dismissed because a landowner who receives compensation for his property, as if taken in fee, is not entitled to further damages for injury to the property when the injury is due to negligent installation of equipment by the party who condemned it.

AOG, the appellee, attempted to negotiate an agreement with Charles H. Cramer and Leslie Cramer, the appellants, for an easement for a gas pipeline across the Cramers' land. The Cramers expressed concern that the line would harm a group of red oak trees growing within the area of the proposed easement. AOG attempted to address the Cramers' concerns by proposing an easement wider than the standard 20 feet so as to disturb the trees as little as possible while laying pipe.

The Cramers ultimately refused to grant the easement, and AOG exercised its power of eminent domain to condemn a 40-foot wide easement across the property as well as an adjacent 20-foot wide construction easement. The damages assessed in favor of the Cramers included recovery for the value of the 40-foot wide strip where the easement was to be placed, and which included the oak trees, and the rental value of the additional 20-foot wide construction easement.

The Cramers asserted their damages claim for injury to the trees by way of a counter-claim in the condemnation proceeding. The counter-claim was dismissed without prejudice by a consent order in which it was stated that the Cramers could file a subsequent negligence action. A summary judgment was entered in favor of AOG's condemnation of the land and damages were awarded to the Cramers.

The Cramers then filed their negligence action. AOG moved to dismiss on the ground of *res judicata*. The action was dismissed, however, for failure to state a claim upon which relief could be granted. The order of dismissal stated, in part:

> That no separate cause of action for negligence in the construction of the pipeline across the Plaintiffs' property contained within the right-of-way easement condemned by

the Defendant exists, as the Defendant, in paying fair market value for the taking, has paid for all damages which may result to the property contained within the easement as a result of the construction of its pipeline.

The complaint contended that AOG had, by agreeing to try to protect the trees, assumed a duty which it had then breached by its negligence. The Trial Court was correct in holding the complaint insufficient to state a claim upon which relief could be granted. AOG owed no such duty in view of having paid for the land as if purchasing the fee.

The Cramers' primary citation is to *John H. Parker Construction Co.* v. *Aldridge*, 312 Ark. 69, 847 S.W.2d 687 (1993). In that case the landowner had entered into a negotiated agreement granting a "blanket easement" to a water users association to permit the laying of a water pipeline. The landowner then sued for damages to trees caused by negligent placement and installation of the pipeline. The Trial Court refused to instruct the jury that when landowners grant an easement they waive damages arising from the normal construction of the right-of-way and may recover only if they prove the work was done unnecessarily, negligently, or unskillfully. We held it was not error to refuse such an instruction.

The distinction between the *John H. Parker Construction Co.* case and this one is that here we do not have a negotiated easement but an eminent domain condemnation which required the condemning authority to pay full value as if taking the fee.

The owner of land which is condemned for the purpose of providing an easement is entitled to be paid the full value of the land embraced within the easement as if the fee had been taken. *Baucum* v. *Arkansas Power & Light Co.*, 179 Ark. 154, 15 S.W.2d 399 (1929). In the *Baucum* case we noted that the condemning authority might be responsible in the future for negligent *use* of the easement, but in *Arkla Gas Co.* v. *Burkley*, 242 Ark. 662, 416 S.W.2d 263 (1967), we reasserted the rule that the owner of condemned land is entitled to its full value and said: "The rule. . .tends to eliminate future litigation over damages sustained by reason of future additional construction on the easement. . . ."

While it is true that the landowner is entitled to continue using the surface of the right-of-way for purposes not inconsistent with the easement, we have held that an injury which occurs to timber on the land when the construction occurs is not compensable separately. *Arkansas Louisiana Gas Co.* v. *Maxey*, 242 Ark. 698, 416 S.W.2d 701 (1967). We can think of no reason why the same rule should not apply to the trees in question here, and we have been cited to no authority which would be to the contrary.

Other jurisdictions are in accord with the rule that a landowner whose property is condemned is entitled to the market value of the property and is not entitled to separate damages resulting from destruction of crops, ornamental shrubs, or trees which may be injured in the process of constructing the easement because the value of those items is included in the damages awarded to the landowner when the land is condemned. *See, e.g., Mississippi State Highway Comm.* v. *Viverette*, 529 So.2d 896 (Miss. 1988); *White* v. *Natural Gas Pipeline Co. of America*, 444 S.W.2d 298 (La. Ct. App. 1960).

Affirmed.